**In re ETC KATY PIPELINE, LTD.**

Nos. 10–08–00212–CV, 10–08–00213–CV, 10–08–00214–CV, 10–08–00215–CV, 10–08–00216–CV.

Court of Appeals of Texas, Waco.

Nov. 26, 2008.

Thomas Sheffield, Kemah, Steven R. Sampson, San Antonio, for relator.

Bryan F. Russ, Jr., Palmos, Russ, McCullough & Russ, LLP, Hearne, for real party in interest.

Before Chief Justice GRAY, Justice Vance, and Justice REYNA.

## OPINION DENYING REHEARING

VANCE, Justice.

On October 1, 2008, we granted the petition of ETC Katy Pipeline, LTD. (ETC) and ordered the conditional issuance of a writ of mandamus in each of these five original proceedings challenging the trial court's orders denying motions to appoint special commissioners and orders granting the landowners' motions to dismiss. The landowners have filed motions for rehearing, which we now deny.

### Authority to Dismiss

The landowners first say that we incorrectly decided that the Respondent had no authority to dismiss the proceedings on res judicata grounds. They point to section 21.019 of the Property Code, which is entitled "Dismissal of Condemnation Proceedings" as authority for the Respondent's order. We disagree. Section 21.019 of the Property Code requires the court to hold a hearing if the *condemnor* files a motion to dismiss. TEX. PROP.CODE ANN. § 21.019 (Vernon 2003). But, we find no such authority for a motion filed by a *condemnee* during the administrative phase.

### Relief Granted in Error

The landowners also point out that we directed Respondent to withdraw the wrong dismissal orders. ETC agrees, and so do we.[1] Respondent granted ETC's motions to dismiss the first set of condemnation proceedings on March 31, 2008, and it was those orders that we inadvertently directed be withdrawn. Respondent granted the landowners' motions to dismiss the second set of condemnation proceedings on June 17, 2008, and those are the orders that we now direct be withdrawn.

### Appointment of Special Commissioners

We further ordered Respondent to appoint special commissioners in the second set of condemnation proceedings within 21 days of our order. ETC informs us that Respondent did so on October 16.

### Conclusion

Having determined that Respondent was without jurisdiction to refuse to appoint special commissioners and to grant the motions to dismiss on res judicata grounds, we reaffirm our conditional grant of mandamus relief. The writ will issue in each case only if Respondent fails to withdraw his order granting the motion to dismiss signed on June 17, 2008, or fails to appoint special commissioners within 21 days from the date of this opinion if he has not already done so.[2] The clerk is ordered to revise the judgment in each proceeding to reflect that Respondent's order to be withdrawn was signed on June 17, 2008.

The motion for rehearing is denied in each case.

Chief Justice GRAY dissents with a

---

1. We have fifteen pending cases involving the same parties and issues.

2. The trial court cause numbers for the second set of condemnation proceedings are 08–03–18048–CV, 08–03–18049–CV, 08–03–

note.*

18050–CV, 08–03–18051–CV, and 08–03–18052–CV.

* (What follows is Chief Justice Gray's note. It was prepared in response to a draft opinion to be issued after withdrawing the Court's opinion, but not the judgments, issued on October 1, 2008. After the Court's review of the note, the proposal changed to an opinion denying rehearing. Chief Justice Gray did not have sufficient time to review the new proposal by the date set by the Court for issuance thereof due to the abbreviated schedule set by the Court for its issuance. He believes, however, based upon a cursory scan of the opinion and his prior research on the procedural quagmire that will flow from the prior or the revised method of disposition, that the problems referred to in the original draft of his note still exist; and he will, accordingly, issue it with the opinion on rehearing. He apologizes for the confusion this may create if the text is more difficult to comprehend, but it is made necessary by his desire to comply with the deadline for issuance set by the Court.

Chief Justice Gray withdraws his note that accompanied the Court's Opinion that issued on October 1, 2008. For the reasons explained above, the following replaces it:

"Chief Justice Gray dissents. A separate opinion will not issue. He notes, however, that the trial court has already taken the action that the Court purports to order the trial court to take. According to the Relator, the Respondent appointed special commissioners by an order dated October 16, 2008. This action by the trial court makes the Relator's request that the Court compel that same relief by mandamus moot. We cannot compel that which has already been done. If the request for relief is moot because the Respondent has already taken the action the Relator seeks to compel, the proper result in these original proceedings is dismissal.

Chief Justice Gray also notes, in the alternative, that the trial court now has no jurisdiction to withdraw the dismissal orders. The dismissal orders that underlie these five mandamus proceedings were signed by the trial court on June 17, 2008. Those dismissals are now final judgments in those five proceedings. We cannot give the trial court jurisdiction via these mandamus proceedings. The only way the trial court can now be reinvested with jurisdiction in those five proceedings is a reversal of the final judgments of dismissal rendered in each of those proceedings in a direct appeal. As discussed below, the direct appeal of the June 17, 2008 final judgments dismissing each of the five underlying proceedings has been filed and remains pending before this Court. Accordingly, and without question, the Relator has an adequate remedy by direct appeal.

Further, he notes, that while he agrees with the analysis of *In re State*, 65 S.W.3d 383 (Tex.App.-Tyler 2002, orig. proceeding) and *Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821 (Tex.App.-San Antonio 1994, orig. proceeding), those proceedings are easily distinguished. In *State* and *Garcia*, the administrative portion of the condemnation proceeding was ongoing, and the trial court was attempting to exercise control over and during the administrative process. No final judgment had been rendered dismissing the proceeding. Thus, the *only* way to obtain relief from the trial court's interference in both of those proceedings was by mandamus. In these proceedings, however, the trial court has rendered a final judgment of dismissal. That judgment not only can be, but has been, directly and immediately appealed. And while the Court relies on the argument that this mandamus proceeding will be a more timely review of the trial court's judgment than a direct appeal, that is true only because *it was given our immediate attention in derogation of other proceedings.* That argument also is no different for any proceeding that has been finally disposed of by the trial court. If the appeals in these proceedings needed to be expedited because of the nature of the underlying dispute, they can be expedited. But there is no justification, much less authority, for hurtling these proceedings to the front of the line because they are filed as a mandamus when a direct appeal is not only available but is actually currently pending. And if appropriate, a motion to expedite the disposition of the appeals can be filed and considered.

Finally, Chief Justice Gray notes that the trial court is expressly authorized by statute to

consider a landowner's motion to dismiss, and thus, the dismissal orders are not void as held by the majority. TEX. PROP.CODE ANN. § 21.019(c) (Vernon 2004); *Cf.* Footnote 2 Maj. Op. at pg. 564. Relying on this section of the Property Code, this Court has previously considered and affirmed an award of attorneys fees made to the landowner after the condemnation proceeding was dismissed on motion of the landowner. *Falls County Water Control v. Haak*, 220 S.W.3d 92 (Tex.App.-Waco 2007, no pet.). If, as the Court now holds, the trial court had no jurisdiction to consider the landowner's motion to dismiss, the order granting the landowner's motion to dismiss in *Haak* would have been void; and likewise, the award of attorneys fees and ex-

penses would have been improper. Therefore, if the petitions should not be dismissed as moot because the trial court has already taken the action sought to be compelled as discussed above, then because the dismissal order is not void or because there is an adequate remedy by direct appeal, the petitions for writ of mandamus should be denied. If Chief Justice Gray is correct in either of these regards, the procedural anomalies created by the parties and compounded by the Court will plague the parties and may result in further proceedings in the underlying cases which result in void judgments. In no event should the petitions for writ of mandamus be granted, conditionally or otherwise. Therefore, Chief Justice Gray respectfully dissents.")