

# IN THE
# TENTH COURT OF APPEALS

No. 10-08-00219-CV
No. 10-08-00220-CV
No. 10-08-00221-CV
No. 10-08-00222-CV
No. 10-08-00223-CV

**ETC KATY PIPELINE, LTD,**

                                                                    **Appellant**

**v.**

**FLR PIPELINE CORRIDOR NO. 1, LLC,
CAMP COOLEY LTD AND NORTH CC
PIPELINE CORRIDOR, LLC,
McCORMICK PIPELINE CORRIDOR, LLC,
MARTIN PIPELINE CORRIDOR, LLC,
FPJ PIPELINE CORRIDOR NO. 1, LLC,**

                                                                    **Appellees**

From the 82nd District Court
Robertson County, Texas
Trial Court No. 08-02-18,020-CV
Trial Court No. 08-02-18,022-CV
Trial Court No. 08-02-18,023-CV
Trial Court No. 08-02-18,024-CV
Trial Court No. 08-02-18,025-CV

## O P I N I O N

The issue in each of these five appeals is the same: Should a trial court modify a

dismissal order, filed in a condemnation proceeding before the special commissioners

have met, to remove the term "with prejudice" when asked to do so by the condemning authority? Our answer is yes.

ETC Katy Pipeline, Ltd. (ETC) filed five condemnation proceedings with the district judge on February 14, 2008.[1] Before the special commissioners met or made an award, ETC filed a motion to dismiss on March 14, asserting that the matter had been settled between the parties. The landowners, noting ETC's motion to dismiss, filed a motion on March 18 requesting an award of attorney's fees under section 21.019 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 21.019 (Vernon 2004). On March 20, ETC filed a notice of non-suit, stating again that the matters had been resolved. On March 31, the trial court made an allowance to the landowner for attorney's fees and granted the motion to dismiss "with prejudice to the refiling of same."[2] *Id.*

Apparently the matters had not been resolved. ETC filed five new proceedings on March 17, 2008.[3]

On April 10, 2008, ETC filed a motion to reinstate the case, to modify the dismissal order, or to grant a new trial. On April 30, it filed an amended motion to modify or correct the dismissal order. Also on April 30, it filed an amended motion for new trial. On June 11, the trial judge signed orders denying the post-trial motions.

---

[1] From here forward, when we recite an event, that event took place in each of the five cases in the trial court.

[2] Only ETC's notice of nonsuit states "with prejudice." The motion to dismiss does not.

[3] The second set of five proceedings are the subject of other matters before us: five original mandamus proceedings (our cause numbers 10-08-00212-CV thru 10-08-00216-CV), in which we conditionally granted relief on October 1, 2008, (2008 WL 4444487) and denied rehearing on November 26, 2008 (2008 WL ------), and five direct appeals from the orders dismissing the second set of condemnation cases (our cause numbers 10-08-00248-CV thru 10-08-00252-CV).

ETC says on appeal that the court abused its discretion in failing to grant its post-trial motions to reflect that the dismissal was "without prejudice." The landowners respond that the court could not have abused its discretion because ETC offered no evidence in support of its post-trial motions and that the doctrine of "invited error" estops ETC from complaining about the court's action. We agree with ETC.

Generally, an order dismissing a proceeding with prejudice is improper when there has not been an adjudication of the merits of the claims.[4] *See Dueitt v. Arrowhead Lakes Property Owners, Inc.*, 180 S.W.3d 733, 741-42 (Tex. App.—Waco 2005, pet. denied) (dismissal for want of prosecution, error not challenged in a timely filed motion to reinstate or motion for new trial); *Willis v. Barron*, 604 S.W.2d 447, 450 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.) (dismissal for want of prosecution, judgment reformed to delete "with prejudice"). When a dismissal does not implicate the claims' merits, the trial court should dismiss the claims without prejudice. *See Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (citing *Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999), and *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex. 1962)).

Here, the dismissal orders were not and are not final. ETC's post-trial motions were timely filed and ruled on by the court, and a notice of appeal was timely filed. ETC asked the court to correct the dismissal orders, and the court refused to do so.

The landowners reply that the doctrine of invited error presents an additional obstacle to ETC's request for modification of the dismissal orders. We disagree. The

---

[4] A dismissal with prejudice that becomes final operates as a bar to relitigation of the same claims in a later proceeding. *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) (dismissal for discovery abuse); *Decker v. Dunbar*, 200 S.W.3d 807, 812-13 (Tex. App.—Texarkana 2006, pet. denied) (inmate claims).

invited-error doctrine is one utilized in appellate review. It applies when a party asks something of the trial court and then complains on appeal that the trial court granted it. *See Yaqiento v. Britt*, 188 S.W.3d 819, 829 (Tex. App.—Fort Worth 2006, pet. denied) (citing *Y Propane Serv., Inc. v. Garcia*, 61 S.W.3d 559, 570 (Tex. App.—San Antonio 2001, no pet.)). Although ETC's notice of nonsuit stated that the nonsuit was "with prejudice," the motion to dismiss did not so state, and the court granted the motion to dismiss. Furthermore, ETC asked the trial court to correct the error during that court's plenary power, and it is the trial court's refusal to do so that is the grounds for their appeals. Under these circumstances, we hold that the doctrine of invited error does not apply.

The trial court abused its discretion in refusing to modify the order of dismissal in each case. We therefore strike the words "with prejudice to the refiling of same" from the "Order Dismissing Cause and Awarding Attorney's Fees" in each case, and we affirm the orders as modified. TEX. R. APP. P. 43.2(b) (The court of appeals may . . . "modify the trial court's judgment and affirm it as modified.").


BILL VANCE
Justice

Before Chief Justice Gray,
　　　Justice Vance, and
　　　Justice Reyna
　　　(Chief Justice Gray concurs in the judgment with a note)*
Orders Modified and Affirmed
Opinion delivered and filed December 3, 2008
 [CV06]

*(Chief Justice Gray concurs in the judgment. A separate opinion will not issue. He notes, however, that there are two issues presented. Appellant's first issue is whether the trial

court has jurisdiction during the administrative phase of a condemnation proceeding to grant the condemnee's "motion to dismiss" "with prejudice."  Because a positive answer to that issue is a prerequisite to reaching the second issue, I would review it and hold that, as asked, the answer is yes.  The trial court has jurisdiction to render such an order—it may be an erroneous order, but the trial court has jurisdiction to render such an order.  This holding thus leads to appellant's second issue of whether the trial court erred in rendering such an order in these proceedings.  I agree that it did.)