IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00248-CV

No. 10-08-00249-CV

No. 10-08-00250-CV

No. 10-08-00251-CV

No. 10-08-00252-CV

 

ETC Katy Pipeline, LTD,

                                                                                    Appellant

 v.

 

FPJ
PIPELINE CORRIDOR NO. 1, LLC, 

FLR Pipeline Corridor No. 1, LLC,

CAMP
COOLEY LTD AND NORTH CC 

PIPELINE
CORRIDOR, LLC, 

MARTIN
PIPELINE CORRIDOR, LLC, 

McCORMICK
PIPELINE CORRIDOR, LLC, 

                                                                                    Appellees

 

 



From the 82nd District
Court

Robertson County, Texas

Trial Court No. 08-03-18,048-CV

Trial Court No. 08-03-18,049-CV

Trial Court No. 08-03-18,050-CV

Trial Court No. 08-03-18,051-CV

Trial Court No. 08-03-18,052-CV

 



MEMORANDUM Opinion



 

We dismiss as moot these five appeals from
the trial court’s dismissal orders.

            ETC Katy Pipeline, Ltd.
(ETC) filed five condemnation proceedings with the district judge on February
14, 2008.  Before the special commissioners met or made an award, ETC filed a motion
to dismiss, which the judge granted.[1] 
ETC then filed five new proceedings, those at issue in this appeal, on March 17,
2008.  The judge refused to appoint special commissioners and granted the
condemnees’ motions to dismiss.  ETC says that the court erred in signing the
dismissal orders.

ETC first sought mandamus relief (cause
numbers 10-08-00212-CV thru 10-08-00216-CV).  We conditionally granted the
petitions on October 1 and modified our orders on November 26, requiring the
trial judge to withdraw his dismissal orders and appoint special
commissioners.  See In re ETC Katy Pipeline Ltd., 2008 WL 4444487 (Tex.
App.—Waco Oct. 1, 2008, orig. proceeding), modified by ETC Katy Pipeline
Ltd., 2008 WL 5101987 (Tex. App.—Waco Nov. 26, 2008, orig. proceeding) (on
rehearing).

            Having granted by mandamus
all the relief ETC is seeking in these appeals, we now dismiss the appeals as
moot.[2] 
In re D. Wilson Constr. Co., 196 S.W.3d 774, 783-84 (Tex. 2006)
(arbitration order; full mandamus relief granted; appeal dismissed).

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief
Justice Gray dissents.  A separate opinion will not issue.  He notes, however,
that for the reasons expressed in his dissenting note in the mandamus
proceedings, In re ETC Katy Pipeline, Ltd., Nos. 10-08-00212-CV, 10-08-00213-CV, 10-08-00214-CV, 10-08-00215-CV, 10-08-00216-CV, 2008 Tex. App. LEXIS 9052 (Tex. App.—Waco Nov. 26, 2008, orig. proceeding) (Gray, C.J., dissenting note), these appeals are not moot, and are in fact the
only proper method for the trial court to now obtain jurisdiction of the trial
proceedings that have been dismissed, which dismissal judgments are now final. 
Further, the Court’s opinion can leave no doubt that mandamus was not the
proper remedy because there was an adequate remedy by direct appeal.  These are
the direct appeals in which ETC could be obtaining a proper remedy, reversal of
the trial court’s judgments of dismissal.  The legal effect of dismissing the
appeals is to leave the trial court’s original judgments undisturbed.  That was
a judgment of dismissal of the trial court proceedings.  Finally, as explained
in the dissenting notes to the mandamus proceedings, we cannot by mandamus
require a trial court to do something that it has no jurisdiction to do;
withdraw an otherwise final judgment.  For the foregoing reasons, I
respectfully dissent.)

Appeals
dismissed

Opinion
delivered and filed December 31, 2008

[CV06]









 

[1] That resulted in five appeals from the
orders dismissing the suits “with prejudice” (cause numbers 10-08-00219-CV thru
10-08-00223-CV).  We modified and affirmed the dismissal orders.  See ETC
Pipeline Ltd. v. FLR Pipeline Corridor No. 1, LLC, 2008 WL 5093598 (Tex. App.—Waco Dec. 3, 2008, no pet. h.).

 





[2] On December 11, 2008, we notified ETC
that we might dismiss these five appeals because the relief it requested had
already occurred by mandamus and requested a response showing grounds for
continuing the appeals.  ETC did not file a timely response.