

# IN THE
## TENTH COURT OF APPEALS

No. 10-08-00248-CV
No. 10-08-00249-CV
No. 10-08-00250-CV
No. 10-08-00251-CV
No. 10-08-00252-CV

**ETC KATY PIPELINE, LTD,**

Appellant

v.

**FPJ PIPELINE CORRIDOR NO. 1, LLC,
FLR PIPELINE CORRIDOR NO. 1, LLC,
CAMP COOLEY LTD AND NORTH CC
PIPELINE CORRIDOR, LLC,
MARTIN PIPELINE CORRIDOR, LLC,
McCORMICK PIPELINE CORRIDOR, LLC,**

Appellees

From the 82nd District Court
Robertson County, Texas
Trial Court No. 08-03-18,048-CV
Trial Court No. 08-03-18,049-CV
Trial Court No. 08-03-18,050-CV
Trial Court No. 08-03-18,051-CV
Trial Court No. 08-03-18,052-CV

## MEMORANDUM OPINION

We dismiss as moot these five appeals from the trial court's dismissal orders.

ETC Katy Pipeline, Ltd. (ETC) filed five condemnation proceedings with the district judge on February 14, 2008. Before the special commissioners met or made an award, ETC filed a motion to dismiss, which the judge granted.[1] ETC then filed five new proceedings, those at issue in this appeal, on March 17, 2008. The judge refused to appoint special commissioners and granted the condemnees' motions to dismiss. ETC says that the court erred in signing the dismissal orders.

ETC first sought mandamus relief (cause numbers 10-08-00212-CV thru 10-08-00216-CV). We conditionally granted the petitions on October 1 and modified our orders on November 26, requiring the trial judge to withdraw his dismissal orders and appoint special commissioners. *See In re ETC Katy Pipeline Ltd.*, 2008 WL 4444487 (Tex. App.—Waco Oct. 1, 2008, orig. proceeding), *modified by ETC Katy Pipeline Ltd.*, 2008 WL 5101987 (Tex. App.—Waco Nov. 26, 2008, orig. proceeding) (on rehearing).

Having granted by mandamus all the relief ETC is seeking in these appeals, we now dismiss the appeals as moot.[2] *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 783-84 (Tex. 2006) (arbitration order; full mandamus relief granted; appeal dismissed).

BILL VANCE
Justice

---

[1] That resulted in five appeals from the orders dismissing the suits "with prejudice" (cause numbers 10-08-00219-CV thru 10-08-00223-CV). We modified and affirmed the dismissal orders. *See ETC Pipeline Ltd. v. FLR Pipeline Corridor No. 1, LLC,* 2008 WL 5093598 (Tex. App.—Waco Dec. 3, 2008, no pet. h.).

[2] On December 11, 2008, we notified ETC that we might dismiss these five appeals because the relief it requested had already occurred by mandamus and requested a response showing grounds for continuing the appeals. ETC did not file a timely response.

Before Chief Justice Gray,
    Justice Vance, and
    Justice Reyna
    (Chief Justice Gray dissents. A separate opinion will not issue. He notes, however, that for the reasons expressed in his dissenting note in the mandamus proceedings, *In re ETC Katy Pipeline, Ltd.*, Nos. 10-08-00212-CV, 10-08-00213-CV, 10-08-00214-CV, 10-08-00215-CV, 10-08-00216-CV, 2008 Tex. App. LEXIS 9052 (Tex. App.—Waco Nov. 26, 2008, orig. proceeding) (Gray, C.J., dissenting note), these appeals are not moot, and are in fact the only proper method for the trial court to now obtain jurisdiction of the trial proceedings that have been dismissed, which dismissal judgments are now final. Further, the Court's opinion can leave no doubt that mandamus was not the proper remedy because there was an adequate remedy by direct appeal. These are the direct appeals in which ETC could be obtaining a proper remedy, reversal of the trial court's judgments of dismissal. The legal effect of dismissing the appeals is to leave the trial court's original judgments undisturbed. That was a judgment of dismissal of the trial court proceedings. Finally, as explained in the dissenting notes to the mandamus proceedings, we cannot by mandamus require a trial court to do something that it has no jurisdiction to do; withdraw an otherwise final judgment. For the foregoing reasons, I respectfully dissent.)
Appeals dismissed
Opinion delivered and filed December 31, 2008
[CV06]