**TEXAS UNDERGROUND, INC., Appellant,**

v.

**TEXAS WORKFORCE COMMISSION and Jerry Sonnier, Appellees.**

No. 05–09–00654–CV.

Court of Appeals of Texas, Dallas.

Jan. 31, 2011.

Rehearing Overruled April 13, 2011.

---

Victor R. Schindler, Conroe, for Appellant.

Anthony Aterno, Office of Atty. Gen., Austin, for Appellee.

Before Justices FITZGERALD, MURPHY, and FILLMORE.

## OPINION

*Opinion By Justice MURPHY.*

This appeal arises out of Texas Underground, Inc.'s suit for judicial review of a decision by the Texas Workforce Commission (TWC) ordering Texas Underground to pay commissions to its former employee, Jerry Sonnier. The TWC filed a motion to dismiss Texas Underground's suit because Texas Underground failed to exercise diligence in serving process. The trial court granted the TWC's motion and dismissed the suit for lack of jurisdiction. We reverse the trial court's judgment and remand this case for further proceedings.

## BACKGROUND

In February 2007, Sonnier resigned from his position as a commissioned salesperson with Texas Underground. Three months later, he filed a wage claim with the TWC pursuant to the Texas Payday Law, alleging Texas Underground did not pay him commissions he earned before his

resignation. *See generally* TEX. LAB.CODE ANN. §§ 61.001–.095 (West 2006 & Supp. 2010). Following an investigation, the TWC determined Sonnier was entitled to the unpaid commissions. That determination was affirmed by the TWC's appeal tribunal and also by the Commission. The TWC ordered Texas Underground to pay Sonnier $49,646.52 in unpaid wages.

Thereafter, Texas Underground filed a suit for judicial review of the TWC's decision. *See id.* § 61.062. The suit named the TWC and Sonnier as defendants, and the record shows Texas Underground delivered citations to both defendants at the TWC's address in Austin, Texas. In its answer, the TWC informed Texas Underground that it did not represent Sonnier and denied the allegations by reference to the standards in the payday law.

Nine months later, in December 2008, the TWC filed a motion to dismiss, alleging Texas Underground's "entire cause of action is barred" because Texas Underground did not obtain proper service of process on Sonnier. Specifically, the TWC argued section 61.062's requirements for seeking judicial review of a payday law determination are jurisdictional and maintained that although Texas Underground filed its petition within the thirty-day time period prescribed by the statute, the limitations period continued to run because Texas Underground did not serve Sonnier during the thirty-day period. *See id.* § 61.062(b). The TWC argued this "lack of diligence" in serving Sonnier was a jurisdictional bar to Texas Underground's suit.

In February 2009, Texas Underground filed an amended petition and served Sonnier with process. Texas Underground also filed a response to the TWC's motion to dismiss. Texas Underground argued, among other things, its "excuse and diligence" in serving Sonnier are fact questions and the TWC's "plea of limitation"

alleged in its motion to dismiss should be filed as a motion for summary judgment.

On March 11, 2009, the trial court signed its judgment granting the TWC's motion and dismissing Texas Underground's suit for lack of jurisdiction because of Texas Underground's failure to serve the petition timely against the proper parties "as directed by the Texas Labor Code."

## DISCUSSION

■ In a single issue, Texas Underground challenges the trial court's dismissal of its suit for lack of jurisdiction. Among its contentions, Texas Underground asserts the trial court erred when it dismissed the suit because the allegations in the TWC's motion to dismiss are affirmative defenses that must be raised in a summary judgment motion. In response, the TWC argues section 61.062's requirements for appealing a decision by the TWC are jurisdictional. Before we reach Texas Underground's contention the TWC's motion to dismiss was improper, we must address the TWC's contention that untimely service is a jurisdictional bar to Texas Underground's suit under section 61.062.

### Jurisdiction

■ Subject matter jurisdiction defines the court's power to "determine an action involving a particular subject matter as between the parties and render a certain judgment." *Kshatrya v. Tex. Workforce Comm'n,* 97 S.W.3d 825, 829 (Tex. App.-Dallas 2003, no pet.) (citing *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 75 (Tex.2000)). A district court has jurisdiction because the particular claim raised in the case is within its constitutional jurisdiction or because jurisdiction has been mandated by the legislature. *Id.* (citing TEX. CONST. art. V, § 8; *Dubai,* 12 S.W.3d

at 75). We presume all claims "fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere." *Dubai,* 12 S.W.3d at 75.

"The failure of a jurisdictional requirement deprives the court of the power to act (other than to determine that it has no jurisdiction), and ever to have acted, as a matter of law." *City of DeSoto v. White,* 288 S.W.3d 389, 393 (Tex.2009) (quoting *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 359 (Tex.2004)). If a statutory requirement is not jurisdictional, a court may hear the case, "although other consequences may flow from a party's failure to comply with the requirement." *Id.; Dubai,* 12 S.W.3d at 75–77. Because deeming a provision jurisdictional "opens the way to making judgments vulnerable to delayed attack" and modern policy "is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction," courts are reluctant to conclude a provision is jurisdictional absent clear legislative intent to that effect. *White,* 288 S.W.3d at 393 (quoting *Dubai,* 12 S.W.3d at 76); *see also Igal v. Brightstar Info. Tech. Group, Inc.,* 250 S.W.3d 78, 83–84 (Tex.2008).

In determining whether a statutory requirement is jurisdictional, we look to the language of the statute. *See White,* 288 S.W.3d at 394; *Igal,* 250 S.W.3d at 84. If a statute has multiple subsections, like section 61.062, we must examine the language in each subsection to determine whether the requirement is jurisdictional or procedural. *See Kshatrya,* 97 S.W.3d

at 830 (analyzing section 61.062). If the particular statutory requirement "defines, enlarges, or restricts the class of causes the court may decide or the relief the court may award, the requirement is jurisdictional." *Id.* at 830–31 (citing *Sierra Club v. Tex. Natural Res. Conservation Comm'n,* 26 S.W.3d 684, 688 (Tex.App.-Austin 2000), *aff'd on other grounds,* 70 S.W.3d 809 (Tex.2002)). But a statutory requirement that does none of these things, even if the provision is mandatory, is not jurisdictional. *Id.; see also White,* 288 S.W.3d at 395 ("[J]ust because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional.") (quoting *Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 961 (Tex.1999) (per curiam)).

Section 61.062 of the Texas Payday Law sets out the requirements for appealing a decision by the TWC. *See* Tex. Lab.Code Ann. § 61.062(a)-(e). Section 61.062 requires a party to file its suit for judicial review "not later than the 30th day after the date the final order is mailed." *Id.* § 61.062(b). The section also requires "[t]he commission and any other party to the proceeding before the commission" to be "made defendants in the suit." *Id.* § 61.062(c).[1] The TWC does not dispute that Texas Underground filed its suit within the thirty-day time period or that Texas Underground named both the TWC and Sonnier as defendants. Rather, it argues because Sonnier was not served within the thirty-day period prescribed by subsection (b), Texas Underground did not meet section 61.062's requirements, depriving the trial court of jurisdiction. We disagree.

1. Section 61.062 also requires a party to exhaust administrative remedies available under chapter 61 before the party may bring a suit to appeal the order. Tex. Lab.Code Ann. § 61.062(a). Courts generally construe a party's failure to exhaust administrative remedies as a jurisdictional prerequisite to suit. *See* *Kshatrya,* 97 S.W.3d at 831. In addition, the section mandates the suit to be brought "in the county of the claimant's residence." Tex. Lab.Code Ann. § 61.062(d). This Court has concluded that subsection (d)'s venue provision is not a jurisdictional requirement. *See Kshatrya,* 97 S.W.3d at 832.

■ The legislature did not explicitly set a deadline for service of citation in section 61.062; the section does not mention service of citation at all. *See id.* § 61.062(b), (c). But even if we were to read such a requirement into subsection 61.062(b)'s mandate[2], our analysis is the same. Nothing in the statutory language suggests this deadline is a jurisdictional prerequisite to suit. *See Kshatrya,* 97 S.W.3d at 831. Nor does the requirement define, enlarge, or restrict the class of causes the court may decide or the relief the court may award. *Id.* at 830–31. Rather, the requirement speaks in terms of when a suit for judicial review must be filed; it operates like a filing deadline and establishes a procedural bar similar to a statute of limitations. *See Instrument Specialties Co. v. Tex. Employment Comm'n,* 924 S.W.2d 420, 422 (Tex.App.-Fort Worth 1996, writ denied) (citing section 61.062(b) and stating "[t]he statute of limitations bars judicial review of a TEC ruling in a PayDay Act case thirty days after the TEC's final order."); *see also Igal,* 250 S.W.3d at 86 (concluding 180–day filing limitations period under labor code section 61.051(c) is procedural requirement, not jurisdictional requirement); *Tex. Educ. Agency v. Donna Indep. Sch. Dist.,* 221 S.W.3d 791, 796 (Tex.App.-Corpus Christi 2007, no pet.) (describing deadline for "perfecting" appeal under education code as statute of limitations). Thus, because we conclude subsection 61.062(b)'s filing deadline is not jurisdictional and because a party's lack of diligence in obtaining service of process relates to a limitations defense, we also conclude the failure to serve a party within the statutory time period for filing suit prescribed under section 61.062 does not deprive the trial court of jurisdiction. *Cf. Bilinsco Inc. v. Harris*

*Cnty. Appraisal Dist.,* 321 S.W.3d 648, 651 (Tex.App.-Houston [1st Dist.] 2010, pet. denied) (taxpayer's failure to serve appraisal district within statutory time period prescribed by tax code section 42.21 not a jurisdictional bar to appeal); *Brooks v. Burnet Cent. Appraisal Dist.,* 306 S.W.3d 419, 420 (Tex.App.-Austin 2010, no pet.) (same); *Tex. Educ. Agency,* 221 S.W.3d at 796 ("In the absence of such direction from the legislature, this Court will not impose service of citation within a very short limitations period as a jurisdictional prerequisite to suit."). Accordingly, we construe the TWC's allegation that Texas Underground did not timely serve Sonnier as raising an affirmative defense. *See Proulx v. Wells,* 235 S.W.3d 213, 215 (Tex.2007) (per curiam) ("[A] timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation."); *see also* Tex.R. Civ. P. 94 (statute of limitations is affirmative defense).

### Propriety of the TWC's Motion to Dismiss

■ Texas Underground contends, among other things, the "plea in limitation" raised in the TWC's motion to dismiss should have been raised in a motion for summary judgment. We agree. An affirmative defense or "plea in bar," such as the running of the limitations period, operates to prohibit the assertion of a cause of action and involves the final disposition of a case. *See Martin v. Dosohs I, Ltd.,* 2 S.W.3d 350, 354 (Tex.App.-San Antonio 1999, pet. denied); *In re A.M.,* 936 S.W.2d 59, 62 (Tex.App.-San Antonio 1996, no writ). The matter is not typically disposed of in a preliminary hearing, such as a motion to dismiss. *Martin,* 2 S.W.3d at

---

**2.** Section 61.062(b) states a suit for judicial review "must be filed not later than the 30th day after the date the final order is mailed." TEX. LAB.CODE ANN. § 61.062(b). We offer no opinion on whether the legislature intended the word "filed" in subsection (b) to include service of citation.

354. Rather, an affirmative defense should be raised through a motion for summary judgment or proven at trial. *See In re D.K.M.*, 242 S.W.3d 863, 865 (Tex. App.-Austin 2007, no pet.); *Dallas Cnty. v. Hughes,* 189 S.W.3d 886, 888 (Tex.App.-Dallas 2006, pet. denied) (proper avenue for raising limitations defense is motion for summary judgment); *Montgomery Cnty. v. Fuqua,* 22 S.W.3d 662, 669 (Tex.App.-Beaumont 2000, pet. denied) ("Affirmative defenses are 'pleas in bar,' and do not provide a justification for summary dismissal on the pleadings."); *Instrument Specialties,* 924 S.W.2d at 421 (raising service issue by motion for summary judgment).

 Of course, "a speedy and final judgment may be obtained on the basis of matters in bar and without formality of trial on [the] merits, if the parties so agree or if summary judgment procedure is utilized." *Martin,* 2 S.W.3d at 354; *Walker v. Sharpe,* 807 S.W.2d 442, 446–47 & n. 2 (Tex.App.-Corpus Christi 1991, no writ). In this case, however, the trial court granted dismissal over Texas Underground's objection that the TWC's motion to dismiss should be filed as a summary judgment motion. Therefore, the dismissal of Texas Underground's suit can be affirmed only if the proceeding can be characterized as a summary judgment. *See Walker,* 807 S.W.2d at 447.

Here, the trial court dismissed the case, rather than rendering judgment on the merits. And while the trial court's judgment indicates the court in making its decision considered the pleadings, exhibits, and argument of counsel and the parties, the record before us contains no transcript of the hearing from which we can discern what rules or principles were applied by the trial court in considering the TWC's motion. Nor does the record make clear what exhibits were submitted by the parties or considered by the court to determine whether the parties satisfied their respective burdens of proof. *See Proulx,* 235 S.W.3d at 215–17 (explaining summary judgment burden that adheres when diligent-service question presented). Thus, based on this record, we conclude the proceeding before the trial court was not a proper summary-judgment proceeding. When parties do not adhere to proper motion practice, "it is unclear what rules and standards we should apply on appeal." *In re D.K.M.,* 242 S.W.3d at 866. Accordingly, we sustain Texas Underground's sole issue.

We reverse the trial court's judgment dismissing Texas Underground's suit for judicial review and remand the case for further proceedings consistent with this opinion.