Opinion issued April 25, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————————

NO. 01-12-00368-CV

————————————————

**JONATHON C. MCINTOSH, D.D.S., Appellant**

**V.**

**DAVID PARTRIDGE, M.D., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND ADALBERTO BARRERA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, Appellees**

On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Case No. 08-DCV-168700

## MEMORANDUM OPINION

Jonathon C. McIntosh, D.D.S. appeals the trial court's judgment dismissing his case for want of prosecution. McIntosh presents one issue, asserting that the trial court "reversibly erred when it dismissed [his] cause of action with prejudice."

We affirm the judgment as modified.

### Background

McIntosh was the Director of Dentistry for the residents of the Richmond State School (RSS), a Texas facility providing a home for people with mental and physical disabilities. In 2004, McIntosh, a member of the United States Navy Reserves, was recalled to active duty in Iraq for one year. When he returned from service, McIntosh notified RSS that he wanted to return to work. According to McIntosh, appellee David Partridge, M.D., medical director of RSS, and appellee Adalberto Barrera, superintendent of RSS, instructed appellant not to return to RSS because appellant's "clinical privileges had been suspended due to professional incompetence and violations of the applicable standard of care."

On December 23, 2005, McIntosh filed suit in federal district court against Partridge, both individually and in his official capacity as medical director of RSS, asserting claims under (1) the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4311(a); (2) the Equal Protection and the Due Process Clauses of the Fourteenth Amendment; and (3)

2

Texas common law defamation.[1] The federal court granted Partridge's motion for summary judgment and rendered a judgment that McIntosh take nothing from Partridge in either his individual or official capacity.[2]

On August 8, 2008, the United States Court of Appeals for the Fifth Circuit held that there was no federal jurisdiction over McIntosh's USERRA claim and dismissed the claim.[3] The Fifth Circuit affirmed the remainder of the district court's take-nothing judgment against McIntosh.[4]

On February 16, 2009, McIntosh filed suit in state district court against Partridge and Barrera in their individual and official capacities, asserting that their allegations of professional incompetence against McIntosh were pretext and that their failure to re-employ him violated USERRA and Texas Government Code sections 431.005(c), 613.002, and 613.021. McIntosh also alleged that their actions constituted defamation because the matter had been reported to the National Practitioner Database and the United States Navy, placing McIntosh's military healthcare provider credentials in danger of revocation.

---

[1] *See McIntosh v. Partridge*, 540 F.3d 315, 318 (5th Cir. 2008).

[2] *See id.* at 319.

[3] *See id.* at 321.

[4] *See id.* at 327.

3

On February 16, 2009, Partridge and Barrera answered the suit, asserting a general denial and affirmative defenses. McIntosh's deposition was scheduled on September 15, 2010; however, the parties agreed at the deposition to continue it pending the defendants' receipt of McIntosh's discovery responses.

The record reflects that the defendants' counsel sent two letters to McIntosh's counsel: one on November 16, 2010, and another on December 15, 2010. Each letter reflects that the defendants were still awaiting McIntosh's discovery responses. The letters asked McIntosh's counsel to provide information regarding the status of McIntosh's discovery responses.

On December 22, 2011, the defendants filed a motion to dismiss McIntosh's suit for want of prosecution pursuant to Rule of Civil Procedure 165a(2) and pursuant to its inherent power. They appended the portion of McIntosh's deposition in which the parties had agreed to continue the deposition until The defendants received McIntosh's discovery responses. The defendants also appended the two letters sent to McIntosh's counsel inquiring about the status of the discovery. In their verified motion to dimsiss, the defendants represented that McIntosh had not responded to the letters, and there had been no activity in the case during the year since the last letter was sent to McIntosh's counsel.

A hearing was held on the motion to dismiss on January 23, 2012. The docket sheet reflects that defense counsel appeared at the hearing but McIntosh did

4

not appear. On the same day, the trial court signed an order granting the motion and dismissing the case "with prejudice."

McIntosh filed a verified motion to reinstate the case on February 21, 2012. He asserted that it was error to dismiss his case with prejudice because no determination on the merits had been made. McIntosh further explained that there had been no activity in the case because he was awaiting a determination in a related administrative action, which he claimed was outcome determinative of the instant suit.

The defendants responded to the motion to reinstate. They asserted, inter alia, that it was proper to dismiss the case with prejudice because McIntosh's claims were barred by limitations.

The docket sheet reflects that a hearing was held on the motion to reinstate with each side in attendance. Because the trial court did not sign a written order within 75 days of the dismissal order, the motion to reinstate was overruled by operation of law. This appeal followed.

## Dismissal with Prejudice

In one issue, McIntosh asserts, "The trial court reversibly erred when it dismissed [his] cause of action with prejudice." McIntosh contends that the trial court's dismissal for want of prosecution cannot be with prejudice because it was not a decision on the merits.

5

A trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Rules of Civil Procedure and (2) the court's inherent power. *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976). These were the two bases for dismissal relied on by Partridge and Barrera (collectively, Appellees) in their motion to dismiss.

A trial court may dismiss pursuant to Rule 165a when a case is not disposed of within time standards established by the Supreme Court of Texas. *See* TEX. R. CIV. P. 165a(2). Separate from the rules of procedure, the common law also vests the trial court with the inherent power to dismiss when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 631; *State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex. 1984).

An action that has been dismissed without prejudice can be re-filed by the litigant because the merits of the action remain undecided. *See Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980); *Christensen v. Chase Bank USA, N.A.*, 304 S.W.3d 548, 553 (Tex. App.—Dallas 2009, pet. denied). In contrast, dismissal of an action with prejudice constitutes a final determination or an adjudication on the merits, *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991), and it operates as if the case has been fully tried and decided. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999). An order dismissing a case with prejudice has full res judicata and

6

collateral estoppel effect, barring subsequent re-litigation of the same causes of action or issues between the same parties. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630–31 (Tex. 1992).

Generally, an order dismissing an action with prejudice is improper when there has not been an adjudication of the merits of the claims. *See ETC Katy Pipeline Ltd. v. FLR Pipeline Corridor No. 1, LLC*, 276 S.W.3d 577, 578 (Tex. App.—Waco 2008, no pet.). Because it is not a decision on the merits, it is improper to dismiss a case for want of prosecution with prejudice. *See Rizk*, 603 S.W.2d at 775; *Midland Funding NCC-2 Corp. v. Azubogu*, No. 01-06-00801-CV, 2007 WL 4387285, at *2 (Tex. App.—Houston [1st Dist.] Dec. 13, 2007, no pet.) (mem. op.); *Labrie v. Kenney*, 95 S.W.3d 722, 728 (Tex. App.—Amarillo 2003, no pet.). Thus, we agree with McIntosh that the trial court should not have dismissed his case "with prejudice." *See Midland Funding*, 2007 WL 4387285, at *2.

Appellees counter that dismissal of McIntosh's suit with prejudice was appropriate. They assert that limitations bar McIntosh from re-filing his claims.

The running of the limitations period operates to prohibit the assertion of a cause of action and involves the final disposition of a case. *Tex. Underground, Inc. v. Tex. Workforce Comm'n*, 335 S.W.3d 670, 675 (Tex. App.—Dallas 2011, no pet.). Typically, a case is not disposed of based on limitations in a preliminary hearing, such as a motion to dismiss. *Id*. Rather, a limitations defense should be

7

raised through a motion for summary judgment or proven at trial. *See In re D.K.M.*, 242 S.W.3d 863, 865 (Tex. App.—Austin 2007, no pet.) (holding that proper avenue for raising limitations defense is motion for summary judgment); *Dall. Cnty. v. Hughes*, 189 S.W.3d 886, 888 (Tex. App.—Dallas 2006, pet. denied) (same); *see also Montgomery Cnty. v. Fuqua*, 22 S.W.3d 662, 669 (Tex. App.—Beaumont 2000, pet. denied) ("Affirmative defenses are 'pleas in bar,' and do not provide a justification for summary dismissal on the pleadings.").

Courts have held that "a speedy and final judgment may be obtained on the basis of matters in bar and without formality of trial on [the] merits, if the parties so agree or if summary judgment procedure is utilized." *Tex. Underground*, 335 S.W.3d at 676; *see Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.). Here, there is no indication that the parties agreed to dispose of the case without trial, nor does the record show that summary judgment procedure was utilized. Appellees did not raise their limitations defense before the trial court signed the dismissal order but, instead, raised the defense for the first time in their response to McIntosh's motion to reinstate the case.

Even if we were to treat their motion to dismiss as a motion for summary judgment, Appellees did not show entitlement to judgment based on the defense of limitations. *See Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 354–55 (Tex. App.—San Antonio 1999, pet. denied) (treating dismissal as a summary judgment and

8

evaluating the record as if summary judgment was granted to determine whether the movant satisfied its summary-judgment burden). A summary judgment cannot be affirmed on grounds not expressly set out in the motion for summary judgment. *See* TEX. R. CIV. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *Davis v. City of Grapevine*, 188 S.W.3d 748, 765 (Tex. App.—Fort Worth 2006, pet. denied) (concluding that affirmative defense not raised in summary judgment motion cannot be considered on appeal). As stated, Appellees did not raise the limitations defense before judgment was rendered. Thus, it cannot support a determination that the instant dismissal should be with prejudice.[5]

We conclude that it was improper for the trial court to dismiss McIntosh's suit for want of jurisdiction with prejudice; that is, it was improper for the trial court to include the words "with prejudice" in the dismissal order when no adjudication on the merits had been made.[6] *See Midland Funding*, 2007 WL

---

[5] We make no determination whether Appellees will be entitled to judgment on their limitations defense should McIntosh choose to re-file his claims.

[6] In his reply brief, McIntosh asserted that the trial court abused its discretion when it did not grant his motion to reinstate the case. McIntosh did not raise this argument in his opening brief. In his opening brief, McIntosh complained only that the trial court erred when it dismissed his case "with prejudice." An issue raised for the first time in a reply brief is ordinarily waived and need not be considered by this Court. *McAlester Fuel Co. v. Smith Int'l., Inc*., 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citing *N.P. v. Methodist Hosp*., 190 S.W.3d 217, 225 (Tex. App.—Houston [1st Dist.] 2006, pet.

9

4387285, at *2. McIntosh asserts that the trial court's error of including the phrase "with prejudice" is error for which we should reverse the entirety of the judgment and remand for a new trial. However, in *Luna v. United Parcel Service, Inc.*, we explained that, if a case has been dismissed with prejudice for want of prosecution, the judgment of the trial court dismissing the suit must be reformed to eliminate the words "with prejudice." No. 01-02-00144-CV, 2003 WL 139592, at *4 (Tex. App.—Houston [1st Dist.] Jan. 9, 2003, pet. denied); *see also* TEX. R. APP. P. 43.2(b) (providing that appellate court may modify the trial court's judgment and affirm it as modified); *Midland Funding*, 2007 WL 4387285, at *3 (modifying judgment to delete "with prejudice" and affirming judgment as modified).

McIntosh cites *Attorney General of Texas v. Rideaux* in which, after determining that it was error for the trial court to dismiss the case for want of prosecution with prejudice, we reversed the judgment and remanded the case for a new trial. 838 S.W.2d 340, 341–42(Tex. App.—Houston [1st Dist.] 1992, no writ). Since *Rideaux*, we have, on at least two occasions, when determining the issue presented here, modified the judgment to delete the phrase "with prejudice," as the Rules of Appellate Procedure permit us to do. *See, e.g., Luna*, 2003 WL 139592, at *4; *Midland Funding*, 2007 WL 4387285, at *2–3; *see* TEX. R. APP. P. 43.2(b).

denied)). Thus, the argument that the trial court abused its discretion when it did not grant his motion to reinstate is waived, and we do not consider it. *See id.*

Moreover, in his principal brief, McIntosh offered no argument to show that it was improper for the trial court to dismiss his case for want of prosecution under either Rule 165a or under its inherent power to do so. His sole argument was that it was improper for the trial court to dismiss his case "with prejudice." It would be inappropriate for this Court to reverse the portion of the trial court's judgment dismissing the case for want of prosecution when no showing has been made that there was error in that part of the judgment. *See Tierra Sol Joint Venture v. City of El Paso*, 311 S.W.3d 492, 497 (Tex. App.—El Paso 2009, no pet.) (holding entirety of judgment should not be reversed when only a portion of judgment is erroneous; rather, in that case, appropriate remedy was to modify trial court's judgment to delete the erroneous portion and affirm the judgment as modified); *see also Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (holding that appellate court cannot reverse a trial court judgment absent properly assigned error). We have the authority to modify incorrect judgments when the necessary information is available for us to do so. *In re Estate of Tyner,* 292 S.W.3d 179, 183 (Tex. App.—Tyler 2009, no pet.) (citing TEX. R. APP. P. 43.2(b); *Mullins v. Mullins*, 202 S.W.3d 869, 878 (Tex. App.—Dallas 2006, pet. denied)). We conclude that the proper disposition of this appeal is to modify the judgment and affirm it as modified. *See Luna*, 2003 WL 139592, at \*4; *Midland Funding*, 2007 WL 4387285, at \* 2–3; *see also* TEX. R. APP. P. 43.2(b).

We sustain McIntosh's sole issue, as discussed herein.

## Conclusion

We modify the trial court's judgment to delete the phrase "with prejudice" and affirm the judgment as modified.


                                              Laura Carter Higley
                                              Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.