

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00482-CV

**VERONICA LUNA,**

**Appellant**

 **v.**

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,**
**Appellee**

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court No. 11-001383-CV-85**

## O P I N I O N

Veronica Luna appeals from the trial court's order dismissing her Petition for Bill of Review. We affirm.

Veronica Luna signed an affidavit of voluntary relinquishment of parental rights on June 10, 2010, and her rights to her four children were terminated on June 24, 2010. On May 31, 2011, Veronica filed a Petition for Bill of Review. In the Petition for Bill of Review, Veronica states that her voluntary relinquishment is void because it was obtained by fraud. She contends that her attorney told her she could reclaim her

children in two years if she signed the voluntary relinquishment. Veronica named as parties to the suit: 1) The Texas Department of Family and Protective Services; 2) Jami Lowry, appointed by the Court as attorney ad litem for the children; and 3) Voices for Children, Inc. The trial court's order dismissed Voices for Children, Inc. and Jami Lowry as parties to the case. The trial court's order further dismissed the Petition for Bill of Review with prejudice.

In the first three issues, Veronica argues that the trial court erred in dismissing her claims. A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by motion for new trial or appeal. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998). To set aside a judgment by bill of review, a petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident, or wrongful act of his opponent, and (3) unmixed with any fault or negligence of his own. *Id*.

Section 161.211 of the Texas Family Code provides:

(a) Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person who has been personally served or who has executed an affidavit of relinquishment of parental rights or an affidavit of waiver of interest in a child or whose rights have been terminated under Section 161.002(b) is not subject to collateral or direct attack after the sixth month after the date the order was signed.
…

(c) A direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights or affidavit of waiver of interest in a child is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit.

TEX. FAM. CODE ANN. § 161.211 (West 2008). Luna's lawsuit is a collateral or direct attack on the order terminating her parental rights. She filed the suit more than six months after the date the order of termination was signed; and, therefore, her lawsuit is barred by this statute. *See In re A.A.S.*, 367 S.W.3d 905, 910 (Tex.App.-Houston [14th Dist.] 2012, no pet.). Moreover, Luna does not allege fraud on the part of the Department, Lowry, or Voices for Children, Inc. in her Petition for Bill of Review. She only argues fraud based upon the actions of her attorney. Luna did not meet her burden to establish a meritorious defense that she was prevented from making by the fraud of her opponent. The trial court did not abuse its discretion in dismissing the Petition for Bill of Review. We overrule the first, second, and third issues.

In the fourth issue, Luna argues that the trial court erred in dismissing her case with prejudice. Generally, an order dismissing a proceeding with prejudice is improper when there has not been an adjudication of the merits of the claims. *See ETC Katy Pipeline, Ltd. v. FLR Pipeline Corridor No. 1, LLC*, 276 S.W.3d 577, 579 (Tex.App.-Waco 2008, no pet.). When a dismissal does not implicate the claims' merits, the trial court should dismiss the claims without prejudice. *Id*. Section 161.211of the Texas Family Code bars Luna's lawsuit. Therefore, trial court did not err in dismissing the case with prejudice. We overrule the fourth issue on appeal.

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed January 9, 2014
[CV06]