

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00278-CV

**DIXEY EVANS, FORMERLY DIXEY MAY JONES,**
                                                                **Appellant**

 **v.**

**DAVID NELSON JONES,**

                                                                **Appellee**

**From the 220th District Court
Hamilton County, Texas
Trial Court No. CV03412**

## MEMORANDUM  OPINION

Over 22 years after it was granted, Dixey Evans contested the trial court's Decree of Annulment of her marriage to David Jones by filing a Bill of Review.  David filed a Motion for Summary Judgment in the bill of review proceeding alleging that the statute of limitations barred Dixey's action.  The trial court granted David's motion for summary judgment.  We affirm.

**Background Facts**

David and Dixey were married in 1978 and had three sons during the marriage. They divorced in New Mexico in 1988. The New Mexico divorce decree did not divide any property acquired during the marriage. David and Dixey were married for the second time in Texas on March 3, 1989. On November 21, 1989, David filed a petition to annul the second marriage in Hamilton County, Texas. Dixey signed a waiver of citation on August 12, 1989. The trial court entered a Decree of Annulment and found that although no property was acquired during the marriage, "each party take as his or her sole and separate property all such property as is presently in his or her possession."

In 1994, Dixey filed a motion to distribute the community assets in the New Mexico trial court. David disputed the motion, and filed a motion to dismiss in 1995. The parties entered into a Stipulated Order for Dismissal in the New Mexico trial court that, among other things, referred jurisdiction over all other matters between the parties to the 220th District Court in Comanche County.

Dixey stated in an affidavit that she and David agreed that David would continue to operate and grow the Jones Drilling business so that their sons would have employment when they got older. All three of David and Dixey's sons are deceased. Dixey contends that after the death of their third son in December 2008, she only then learned David claimed full ownership of Jones Drilling. Dixey filed a bill of review to set

aside the Decree of Annulment. David filed a Motion for Summary Judgment, and the trial court granted David's motion.

## Bill of Review

In four issues on appeal, Dixey argues that the trial court erred in granting David's motion for summary judgment that dismissed her bill of review. The standard of review in traditional summary judgment cases is well settled. The issue on appeal is whether the movant met its summary judgment burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002). A defendant may meet this burden by conclusively negating an essential element of the plaintiff's case or conclusively establishing all of the necessary elements of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995).

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by motion for new trial or appeal. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998). To set aside a judgment by bill of review, a petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident, or wrongful act of his opponent, and (3) unmixed with any fault or negligence of his own. *Id*.

In each of her four issues, Dixey challenges the 1989 annulment proceeding. Dixie contends that because she signed a waiver of citation before the petition to annul the marriage was filed, the trial court did not have jurisdiction over her. However, Dixey was still required to prove a meritorious defense to the annulment in the bill of review proceeding. *See Northcutt v. Jarrett*, 585 S.W.2d 874, 876 (Tex.Civ.App.-Amarillo 1979, affirmed 592 S.W.2d 930 (Tex. 1979)).

All of Dixey's complaints concern the ownership of Jones Drilling. Dixey specifically argues that the trial court awarded David community property in the annulment proceeding; that she did not know about the wording in the annulment decree awarding property; that she and David agreed that David would build up the business to employ their three sons; and that David never previously claimed to be the sole owner of any property. The decree of annulment states, "no community property was accumulated by the parties during the existence of the marriage other than personal effects." The trial court ordered in the decree of annulment that "each party take as his or her sole and separate property all such property as is presently in his or her possession."

The record shows that Jones Drilling was acquired during the first marriage of David and Dixey. The New Mexico divorce decree did not divide the community property. The ownership of the assets of Jones Drilling and other community and separate property was litigated in New Mexico after the decree of annulment. Dixey did

not meet her burden to establish a meritorious defense to the cause of action alleged to support the judgment. *See Luna v. Texas Dept. of Family and Protective Services*, 432 S.W.3d 356 (Tex.App.-Waco 2014, no pet.). Dixey was required to show that her claims were not barred by the statute of limitations. The trial court did not err in granting David's motion for summary judgment. We overrule all of Dixey's issues on appeal.

### Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
(Chief Justice Gray concurring with Justice Davis joining)*
Affirmed
Opinion delivered and filed November 16, 2016
[CV06]

*Chief Justice Gray concurs in the judgment which affirms the trial court's granting of Jones's motion for summary judgment based on the statute of limitations defense to Evans's bill of review proceeding. A separate opinion will not issue.
Justice Davis joins in the concurrence of Chief Justice Gray.

