# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00701-CV

**In the Interest of D. K. M.**

FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NO. 202,052-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## O P I N I O N

This appeal arises out of appellant Donna Mills's paternity suit against appellee Orin Carter, seeking to establish that Carter is the father of her daughter, D.K.M., who was born on September 3, 1995. On February 2, 2004, when D.K.M. was eight years old, Mills filed a petition seeking to adjudicate D.K.M.'s paternity, alleging that Carter, and not Andrew Mills, her husband and D.K.M.'s presumed father, was the child's biological father. Genetic testing was ordered on May 13, 2004, and on September 15, 2004, Mills filed a motion for temporary orders asserting that Carter had been identified as D.K.M.'s father through genetic testing; a hearing was set on the motion for September 29. In early October 2004, Carter filed an original answer and a motion to dismiss, in which he argued that Mills's action was barred by the statute of limitations because D.K.M. had a presumed father and the suit was not filed before D.K.M.'s fourth birthday. *See* Tex. Fam. Code Ann. § 160.607(a) (West Supp. 2007). Mills responded that limitations were tolled by the federal Servicemembers Civil Relief Act. *See* 50 App. U.S.C.A. §§ 501-596 (West 1990 & Supp. 2007). On July 13, 2005, the trial court signed an order dismissing with prejudice Mills's

suit against Carter. Mills appeals, complaining that limitations were tolled; that Carter did not establish his defense under section 160.607; that the dismissal violates D.K.M.'s rights to equal protection and due process, as well as those of other similarly situated children; and that the trial court should have appointed an attorney ad litem to represent D.K.M.'s interests.

Although the rules of civil procedure do not provide for a defendant's motion to dismiss, except possibly for want of prosecution after a plaintiff fails to appear at a hearing or trial setting, *see* Tex. R. Civ. P. 162 (plaintiff may dismiss suit), 165a (case may be dismissed for want of prosecution), Carter asserted his affirmative defense through a "motion to dismiss."[1] However, an affirmative defense such as the running of limitations should be raised through a motion for summary judgment, not through a motion to dismiss or a plea to the jurisdiction.[2] *See Hunter v. Johnson*, 25 S.W.3d 247, 250 n.5 (Tex. App.—El Paso 2000, no pet.) (affirmative defense such as limitations should be argued through motion for summary judgment, not motion to dismiss); *see*

[1] We have held that a "motion to dismiss is the functional equivalent of a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action," *Pickett v. Texas Mut. Ins. Co.*, No. 03-04-00374-CV, 2007 Tex. App. LEXIS 5953, at *29 (Tex. App.—Austin July 26, 2007, no pet.), and the trial court seems to have treated Carter's motion like a plea to the jurisdiction, considering live testimony presented at an evidentiary hearing. *See* Tex. R. Civ. P. 166a(c) (no oral testimony received at summary judgment hearing); *Pickett*, 2007 Tex. App. LEXIS 5953, at *29 (trial court may hear live testimony at hearing on plea to jurisdiction).

[2] A motion to dismiss based on limitations might be properly brought if the defendant first files a special exception, which would bring the issue to the plaintiff's attention and allow her to amend her pleadings, if possible. *See Tullis v. Georgia-Pacific Corp.*, 45 S.W.3d 118, 128 (Tex. App.—Fort Worth 2000, no pet.) ("A defendant seeking a dismissal based on an affirmative defense such as a statute of limitations must first file a special exception or a motion for summary judgment giving the plaintiff an opportunity to respond."); *Hunter v. Johnson*, 25 S.W.3d 247, 250 & n.5 (Tex. App.—El Paso 2000, no pet.) (citing *Allied Chem. Corp. v. Koonce*, 548 S.W.2d 80, 82 (Tex. Civ. App.—Houston [1st Dist.] 1977, no writ); *Mueller v. Banks*, 317 S.W.2d 254, 255 (Tex. Civ. App.—San Antonio 1958, no writ)).

*also In re K.B.S.*, 172 S.W.3d 152, 153 (Tex. App.—Beaumont 2005, pet. denied) ("Unless affirmatively negated by the plaintiff's pleadings, an affirmative defense must be proven at trial or through summary judgment proceedings."); *Montgomery County v. Fuqua*, 22 S.W.3d 662, 668-69 (Tex. App.—Beaumont 2000, pet. denied) (affirmative defenses like limitations "are 'pleas in bar,' and do not provide a justification for summary dismissal on the pleadings"); *University of Houston v. Elthon*, 9 S.W.3d 351, 356 (Tex. App.—Houston [14th Dist.] 1999, pet. dism'd w.o.j.) ("There exists a long line of cases demonstrating that a motion for summary judgment is the proper avenue for raising the statute of limitations defense under the Texas Whistleblower Act.").

Members of the supreme court have spoken to the need to adhere to the specific motion practices established by the rules of procedure. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 240-44 (Tex. 2004) (Brister, J., dissenting) (discussing "resurgence" of pleas to the jurisdiction in immunity cases and stating that such pleadings are "fraught with uncertainty"). The summary judgment rule requires evidence to be presented in the form of affidavits, deposition excerpts, answers to interrogatories or other discovery responses, party stipulations, or public records and bars the use of oral testimony. Tex. R. Civ. P. 166a(c). A summary judgment may not be granted unless the affidavits and other evidence prove that there is no question of fact and that the movant is entitled to judgment as a matter of law. *Id.* The summary judgment rule thus "contains procedural safeguards to ensure that the merits are not determined before the nonmovant has had an adequate time for discovery and an opportunity to respond" and "leaves little to the imagination," *Miranda*, 133 S.W.3d at 235 (Jefferson, J., dissenting), removing questions about credibility or the weight to be given the competing evidence. Further, in summary

judgment practice, plaintiffs are "not required to guess what rules or procedures the trial just might apply." *Id.* at 244 (Brister, J., dissenting).

If parties do not adhere to summary judgment practice in cases such as this, the likely result will be uncertainty for the parties and trial courts and disparity in trial courts' consideration and treatment of individual cases. This case presents a good example of these risks. Because the issue was not presented in proper summary judgment form, it is unclear what rules and principles were applied by the trial court.[3] For example, it is unclear whether the trial court reviewed the evidence simply looking for more than a scintilla of evidence to support Mills's position or whether it ultimately made case-dispositive credibility determinations or fact findings based upon the testimony. Further, it is unclear what rules and standards we should apply on appeal. Therefore, we reverse the trial court's order of dismissal and remand the cause for further proceedings in compliance with the rules of civil procedure.

_____

David Puryear, Justice

Before Justices Puryear, Waldrop and Henson

Reversed and Remanded

Filed:   December 20, 2007

_____

[3] The summary-judgment standard of review should be applied to a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).