TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-05-00544-CV







Rickie Lynn Graves, Appellant


v.


Christina Melton Crain, Chair, Texas Board of Criminal Justice (1); Gary Johnson,
Executive Director, Texas Department of Criminal Justice; Doug Dretke, Director,
Texas Department of Criminal Justice-Institutional Division (2); David P. Weeks,
Chief Prosecutor, Texas Board of Criminal Justice Special Prosecution Unit a/k/a
Special Prison Prosecution Unit; and Texas Board of Criminal
Justice-Institutional Division, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. GN400784, HONORABLE DARLENE BYRNE, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 In 1998, appellant Rickie Lynn Graves was convicted of possession of a controlled
substance while in a correctional facility and was sentenced to fifty years' imprisonment. In 2004,
Graves filed a petition seeking a declaratory judgment that the "special prison prosecution unit"
through which Graves was prosecuted in 1998 was unconstitutional and that his 1998 conviction was
void. (3) Appellees filed a motion to dismiss arguing that Graves's suit was an attack on his final
conviction, which is governed by article 11.07 of the code of criminal procedure; limitations had run
on Graves's claims; Graves failed to state a claim under 42 U.S.C.A. § 1983 ("section 1983");
appellees were entitled to qualified immunity from any claims under section 1983; appellees were
not liable under section 1983 in their official or supervisory capacities; and there was no justiciable
issue presented that the trial court had the power to resolve. Graves responded that the legislature
did not authorize the special prison prosecution unit to act as it has since its creation and that the unit
as operated was a judicial office and thus a violation of the separation of powers doctrine. He
asserted that the Texas Constitution delegates the authority to conduct criminal prosecutions to
county and district attorneys and that the multi-county jurisdiction exercised by the unit violated
those constitutional provisions. Graves stated that he was not challenging his conviction but instead
was contesting the legality of the unit's existence and operation. The trial court interpreted
appellees' motion to dismiss as a plea to the jurisdiction and granted the motion, dismissing the suit
for lack of jurisdiction.

 On appeal, Graves contends that the trial court erred in granting the motion and
dismissing his suit for want of jurisdiction because his suit was not attacking his 1998 conviction,
over which only the 268th District Court of Fort Bend County could exercise jurisdiction. He argues
that his claims are directed at appellees' actions in establishing the special prison prosecution unit
in violation of the constitution. He further asserts that the courts of Travis County have jurisdiction
over the Board of Criminal Justice, TDCJ, and TDCJ's officials under sections 493.006 and 492.014
of the government code. We will review Graves's complaints under the well-established standards
applied in evaluating a trial court's decision on a plea to the jurisdiction. See Texas Dep't of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554 (Tex. 2000).

 Although Graves argues that he is not attacking his 1998 conviction but instead seeks
declarations that the special prison prosecution unit is unconstitutional, in his original petition, he
asks the trial court to issue a declaration that all actions taken by the unit in its prosecution of him
are void. This is, in essence, an attack on the validity of his 1998 conviction, which must be
undertaken through a habeas corpus proceeding pursuant to article 11.07. See Board of Pardons
& Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim.
App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction."). 
An application for habeas relief under article 11.07 must be filed in the court that issued the
judgment of conviction, which must forward the application to the court of criminal appeals if it
determines "that there are controverted, previously unresolved facts which are material to the legality
of the applicant's confinement." Tex. Code Crim. Proc. Ann. art. 11.07, § 3(b), (d) (West Supp.
2007). The court of criminal appeals has sole jurisdiction to grant habeas corpus relief after a final
felony conviction. Keene, 910 S.W.2d at 483. Thus, the trial court properly found that it lacked
jurisdiction over Graves's complaints.

 Because Graves sought relief from a final felony conviction from a court that lacked
jurisdiction over the issue, (4) the trial court did not err in dismissing the suit for lack of jurisdiction. 
We affirm the trial court's order of dismissal.


 __________________________________________

 David Puryear, Justice

Before Justices Puryear, Waldrop and Henson

Affirmed

Filed: March 20, 2008


 
1. Crain was substituted for A.M. Stringfellow, former Chair of the board.
2. Dretke was substituted for Janie Cockrell, former Director of the Texas Department of
Criminal Justice-Institutional Division ("TDCJ-Institutional Division").
3. Graves sought declarations that the actions taken by members of the special prison
prosecution unit were void and unconstitutional and that the "process and procedures used to obtain"
the 1998 conviction violated Graves's constitutional rights.
4. Although they do not assert limitations as a basis for affirming the trial court's dismissal
of Graves's suit, in their motions to dismiss, appellees also argued that limitations had run against
Graves's claims. Section 1983 claims are governed by statutes of limitations that "the State provides
for personal-injury torts." Wallace v. Kato, ___ U.S. ___, 127 S. Ct. 1091, 1094 (2007). In Texas,
that statute of limitations is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp.
2007). Limitations begin to run on a section 1983 claim when the plaintiff has a "complete and
present cause of action." Wallace, ___ U.S. at ___, 127 S. Ct. at 1095 (quoting Bay Area Laundry
& Dry Cleaning Pension Trust Fund v. Ferbar Corp., 522 U.S. 192, 201 (1997)). Graves's asserted
cause of action accrued when his 1998 conviction was handed down, on April 16, 1998. Thus,
limitations ran on April 16, 2000, almost four years before Graves filed his suit for declaratory relief. 
The running of limitations, however, is an affirmative defense, not a jurisdictional defect, and should
be raised through a motion for summary judgment, not a plea to the jurisdiction. See In re D.K.M.,
242 S.W.3d 863, 864 (Tex. App.--Austin 2007, no pet.). Thus, limitations could not have supported
the trial court's dismissal for want of jurisdiction. See id.