# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00544-CV

**Rickie Lynn Graves, Appellant**

**v.**

**Christina Melton Crain, Chair, Texas Board of Criminal Justice[1]; Gary Johnson, Executive Director, Texas Department of Criminal Justice; Doug Dretke, Director, Texas Department of Criminal Justice–Institutional Division[2]; David P. Weeks, Chief Prosecutor, Texas Board of Criminal Justice Special Prosecution Unit a/k/a Special Prison Prosecution Unit; and Texas Board of Criminal Justice–Institutional Division, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. GN400784, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In 1998, appellant Rickie Lynn Graves was convicted of possession of a controlled substance while in a correctional facility and was sentenced to fifty years' imprisonment. In 2004, Graves filed a petition seeking a declaratory judgment that the "special prison prosecution unit" through which Graves was prosecuted in 1998 was unconstitutional and that his 1998 conviction was

---

[1] Crain was substituted for A.M. Stringfellow, former Chair of the board.

[2] Dretke was substituted for Janie Cockrell, former Director of the Texas Department of Criminal Justice-Institutional Division ("TDCJ-Institutional Division").

void.[3]  Appellees filed a motion to dismiss arguing that Graves's suit was an attack on his final conviction, which is governed by article 11.07 of the code of criminal procedure; limitations had run on Graves's claims; Graves failed to state a claim under 42 U.S.C.A. § 1983 ("section 1983"); appellees were entitled to qualified immunity from any claims under section 1983; appellees were not liable under section 1983 in their official or supervisory capacities; and there was no justiciable issue presented that the trial court had the power to resolve.  Graves responded that the legislature did not authorize the special prison prosecution unit to act as it has since its creation and that the unit as operated was a judicial office and thus a violation of the separation of powers doctrine.  He asserted that the Texas Constitution delegates the authority to conduct criminal prosecutions to county and district attorneys and that the multi-county jurisdiction exercised by the unit violated those constitutional provisions.  Graves stated that he was not challenging his conviction but instead was contesting the legality of the unit's existence and operation.  The trial court interpreted appellees' motion to dismiss as a plea to the jurisdiction and granted the motion, dismissing the suit for lack of jurisdiction.

On appeal, Graves contends that the trial court erred in granting the motion and dismissing his suit for want of jurisdiction because his suit was not attacking his 1998 conviction, over which only the 268th District Court of Fort Bend County could exercise jurisdiction.  He argues that his claims are directed at appellees' actions in establishing the special prison prosecution unit

---

[3]  Graves sought declarations that the actions taken by members of the special prison prosecution unit were void and unconstitutional and that the "process and procedures used to obtain" the 1998 conviction violated Graves's constitutional rights.

2

in violation of the constitution.  He further asserts that the courts of Travis County have jurisdiction over the Board of Criminal Justice, TDCJ, and TDCJ's officials under sections 493.006 and 492.014 of the government code.  We will review Graves's complaints under the well-established standards applied in evaluating a trial court's decision on a plea to the jurisdiction.  *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

Although Graves argues that he is not attacking his 1998 conviction but instead seeks declarations that the special prison prosecution unit is unconstitutional, in his original petition, he asks the trial court to issue a declaration that all actions taken by the unit in its prosecution of him are void.  This is, in essence, an attack on the validity of his 1998 conviction, which must be undertaken through a habeas corpus proceeding pursuant to article 11.07.  *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction."). An application for habeas relief under article 11.07 must be filed in the court that issued the judgment of conviction, which must forward the application to the court of criminal appeals if it determines "that there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement."  Tex. Code Crim. Proc. Ann. art. 11.07, § 3(b), (d) (West Supp. 2007).  The court of criminal appeals has sole jurisdiction to grant habeas corpus relief after a final felony conviction.  *Keene*, 910 S.W.2d at 483.  Thus, the trial court properly found that it lacked jurisdiction over Graves's complaints.

3

Because Graves sought relief from a final felony conviction from a court that lacked jurisdiction over the issue,[4] the trial court did not err in dismissing the suit for lack of jurisdiction. We affirm the trial court's order of dismissal.


_____

David Puryear,  Justice

Before Justices Puryear, Waldrop and Henson

Affirmed

Filed:   March 20, 2008

_____

[4] Although they do not assert limitations as a basis for affirming the trial court's dismissal of Graves's suit, in their motions to dismiss, appellees also argued that limitations had run against Graves's claims. Section 1983 claims are governed by statutes of limitations that "the State provides for personal-injury torts." *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091, 1094 (2007). In Texas, that statute of limitations is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2007). Limitations begin to run on a section 1983 claim when the plaintiff has a "complete and present cause of action." *Wallace*, ___ U.S. at ___, 127 S. Ct. at 1095 (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997)). Graves's asserted cause of action accrued when his 1998 conviction was handed down, on April 16, 1998. Thus, limitations ran on April 16, 2000, almost four years before Graves filed his suit for declaratory relief. The running of limitations, however, is an affirmative defense, not a jurisdictional defect, and should be raised through a motion for summary judgment, not a plea to the jurisdiction. *See In re D.K.M.*, 242 S.W.3d 863, 864 (Tex. App.—Austin 2007, no pet.). Thus, limitations could not have supported the trial court's dismissal for want of jurisdiction. *See id.*

4