Opinion issued
February 16, 2012



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00476-CV

———————————

ADRIENNE A. HENNY, Appellant

V.

JPMORGAN
CHASE BANK, N.A., Appellee



 



 

On Appeal from the 152nd
District Court 

Harris County, Texas



Trial Court Case No. 2008-40075-B

 



 

 

MEMORANDUM OPINION ON REHEARING

          We
originally issued our memorandum opinion in this appeal on June 30, 2011.  Appellee, JPMorgan Chase Bank, N.A.
(“Chase”), has filed a motion for rehearing.  We deny the motion for rehearing, vacate our
earlier judgment, withdraw our previous opinion, and issue this opinion in its
place.

          Adrienne
A. Henny, appeals the trial court’s judgment dismissing her third-party claim against
Chase with prejudice.  Henny raises two
issues challenging the dismissal judgment.

          We reverse
and remand.

Background

          Henny
created and operated a restaurant business known as Coozan’s Hot Wings &
Bayou Cafe (“Coozan’s”).  Henny managed the
business with Oscar and Denise Taylor.  The
business had three restaurant locations. 


In September 2006, Chase
loaned Coozan’s $108,000.00.  One year
later, Chase loaned Coozan’s $146,974.76. 
Henny signed an agreement with Chase personally guaranteeing repayment
of the funds.  

A conflict arose between Henny
and the Taylors.  As a result, the
business was divided between the two interests. 


          On
February 1, 2008, Chase sued Coozan’s and Henny to recover the unpaid funds
that Chase had loaned to Coozan’s and which were guaranteed by Henny.  Four days after Chase filed suit, on February
5, 2008, Henny sold her portion of the business to Martha and Bruce
Pollock.  The Pollocks signed an asset
purchase agreement evidencing the sale.  

On May 22, 2008, Chase
obtained a summary judgment against Coozan’s and Henny.  The judgment awarded Chase the outstanding
principal on the loans, totaling $237,160.91, plus interest, fees, court costs,
and attorney’s fees. 

          On
July 1, 2008, AdvanceMe, Inc. filed suit against Coozan’s and Henny.  It alleged that Coozan’s had contracted “to
sell certain accounts and/or payment intangibles to [AdvanceMe].”  AdvanceMe asserted that it had entered into
three separate merchant agreements with Coozan’s requiring Coozan’s “to direct
its credit card processor to remit to [AdvanceMe] a percentage of the cash
realized from [Coozan’s credit card] receivables.”  AdvanceMe alleged that it had paid Coozan’s
in full for the receivables.  AdvanceMe
claimed that pursuant to each merchant agreement, it became the owner of the
receivables.  The merchant agreements also
required Coozan’s “to process the receivables with a credit card processor
acceptable to [AdvanceMe].”  AdvanceMe
claimed that Coozan’s breached the merchant agreements by changing credit card
processing companies without AdvanceMe’s approval.  It further claimed that the new, unapproved
credit card processor had failed to remit the receivables, totaling $56,229.09,
to AdvanceMe.  The receiveable were due
for remittance in October 2007 and January 2008.  

AdvanceMe also alleged that
Henny had signed a provision guaranteeing Coozan’s performance under the
merchant agreements.  It asserted that Henny
had failed to perform her contractual duty.

          On June
19, 2009, Henny filed a third-party petition in the AdvanceMe suit, adding the
Taylors, the Pollocks, and Chase as third-party defendants.  The only cause of action asserted by Henny
against Chase was a conspiracy claim.  Henny
alleged that the Pollocks and Chase had “conspired to harm [Henny] by using the
money loaned by [Chase] and continu[ing] to use the funds without the knowledge
of [Henny].”  

Chase filed a “Motion to
Dismiss, Special Exceptions, and Subject Thereto Answer, Affirmative Defenses
and Counter-Claim.”  The filing contained
a motion to dismiss.  Chase argued that Henny’s
third-party claim against it should be dismissed for non-compliance with Rule
of Civil Procedure 38, which governs third-party actions.  Chase asserted, 

A third party action is only proper if the third-party
claim is for contribution and indemnity of the defendant for the Plaintiff’s
claims. . . .  Henny’s alleged conspiracy
claim against Chase is not such an indemnity or contribution claim as the
alleged conspiracy is unrelated to the unpaid credit card charges asserted by
the Plaintiff in this lawsuit, which arose in 2007.  

 

The filing also contained a
general denial to the third-party claim and asserted a number of affirmative
defenses.  Specifically, Chase listed,
without elaboration, the following affirmative defenses: “res judicata,
collateral estoppel, statute of frauds, statute of limitations, consent
(express and implied), ratification, waiver, unclean hands and estoppel.”  These defenses were expressly asserted
subject to the motion to dismiss.

Henny defended against the
motion to dismiss by asserting as follows: 

A defendant, as a third-party plaintiff, may bring into
the suit any third party who is or may be liable to it or to the plaintiff for
all or part of the plaintiff’s claim. . . . 
Henny has alleged in [her] Original Petition that Chase conspired with
other parties to misappropriate Henny’s funds. 
This alleged cause of action fits [sic] directly relates to the alleged
liability of Henny in the suit between Henny and AdvanceMe, Inc.  Therefore, a third-party action is
appropriate and required under Texas law in this matter.  

 

A hearing was conducted on the
motion to dismiss, but no record was made of the hearing.  The trial court signed an interlocutory order dismissing
Henny’s third-party claim against Chase with prejudice.  In support of dismissal, the order provided that
“any claims or defenses relating to the loans made by Chase to [Coozan’s],
guaranteed by [Henny] should have been raised in the lawsuit” brought by Chase
against Coozan’s and Henny “in which Chase was awarded Final Summary Judgment,
on May 22, 2008, against [Henny].”  In
other words, the trial court dismissed Henny’s claim with prejudice based on
the affirmative defenses of res judicata and compulsory joinder of a
counter-claim.  

Henny moved to sever the claims
between Henny and Chase from the remaining claims.  The trial court signed an order granting the
motion to sever, making the order dismissing Henny’s claim against Chase final.  

          Henny filed a
motion for new trial, which the trial court denied.  This appeal followed.  

In two issues, Henny asserts that
the trial court erred by granting Chase’s motion to dismiss her third-party
conspiracy claim based on the affirmative defenses of res judicata and
compulsory joinder of a counter-claim. 
In its response brief, Chase raises an additional issue in which it contends
that the trial court properly dismissed Henny’s claim because it was not a
“proper third-party claim under Texas Rule of Civil Procedure 38(a).”

Determination and Application of Appropriate Standard of Review

As a preliminary matter, we address
the procedural posture of this case.  The
compulsory counterclaim rule and the doctrine of res judicata are affirmative
defenses.  Commint Technical Servs., Inc. v. Quickel, 314 S.W.3d 646, 651
(Tex. App.—Houston [14th Dist.] 2010, no pet.). 
An affirmative defense, or “plea in bar,” operates to prohibit the
assertion of a cause of action and involves the final disposition of a case.  Tex.
Underground, Inc. v. Tex. Workforce Comm’n, 335 S.W.3d 670, 675 (Tex.
App.—Dallas 2011, no pet.) (citing Martin
v. Dosohs I, Ltd., 2 S.W.3d 350, 354 (Tex. App.—San Antonio 1999, pet. denied); In re A.M., 936 S.W.2d 59, 62 (Tex. App.—San Antonio 1996, no writ)).  An affirmative defense is not typically
disposed of in a preliminary hearing, such as a motion to dismiss.  Tex.
Underground, 335 S.W.3d at 675
(citing Martin, 2 S.W.3d at 354).  Rather, an affirmative defense should be
raised through a motion for summary judgment or proven at trial.  Id.
at 676; In re D.K.M., 242 S.W.3d 863,
865 (Tex. App.—Austin
2007, no pet.); see Montgomery Cnty. v.
Fuqua, 22 S.W.3d 662, 669 (Tex. App.—Beaumont
2000, pet. denied) (“Affirmative defenses are ‘pleas in bar,’ and do not
provide a justification for summary dismissal on the pleadings.”).

Although the trial court’s order
here indicates that it dismissed Henny’s third-party claim against Chase with
prejudice based on the doctrine of res judicata and the compulsory counterclaim
rule, Chase did not advance these theories as grounds in a summary judgment
motion.  Complicating matters, Henny has
not complained about the lack of a summary judgment motion on appeal.  

Courts have held that “a speedy and
final judgment may be obtained on the basis of matters in bar and without
formality of trial on [the] merits, if the parties so agree or if summary
judgment procedure is utilized.”  Tex. Underground, 335 S.W.3d at 675 (citing Martin, 2 S.W.3d at 354; Walker
v. Sharpe, 807 S.W.2d 442, 446–47 & n.2 (Tex. App.—Corpus Christi 1991, no
writ)); see Briggs v. Toyota Mfg. of Tex.,
337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.).  Here, there is no indication that the parties
agreed to dispose of the case without trial, nor does the record show that summary
judgment procedure was utilized.  Nonetheless,
Henny’s claim against Chase was dismissed with prejudice, indicating a final
disposition of the claim.

If a summary judgment procedure is not utilized when a plea
in bar is asserted, the reviewing court may treat a dismissal as a summary
judgment because such dismissal has the same effect as entry of a take-nothing
judgment.  Briggs, 337 S.W.3d at 281 (citing Martin, 2 S.W.3d at 354–55; Walker,
807 S.W.2d at 446–47 & n.2).  In such
case, the reviewing court will evaluate the record as if summary judgment was
granted to determine whether the movant satisfied its summary-judgment burden.[1]  Martin,
2 S.W.3d at 354; see Briggs, 337
S.W.3d at 281.

Applying this standard, Chase did
not establish that it was entitled to summary judgment on its affirmative
defenses of res judicata and joinder of compulsory counterclaim.  In its motion to dismiss, Chase did not seek
dismissal of Henny’s third-party conspiracy claim based on the doctrines of res
judicata or compulsory counterclaim. 
Rather, Chase expressly sought dismissal on the ground that Henny’s
third-party claim did not comply with Rule of Civil Procedure 38(a).[2]  See Tex. R. Civ. P. 38(a).  A summary judgment cannot be affirmed on
grounds not expressly set out in the motion for summary judgment.  See Ken
Petroleum Corp. v. Questor Drilling Corp., 24 S.W.3d 344, 357 (Tex. 2000); see also Tex. R. Civ. P. 166a(c) (“The motion for
summary judgment shall state the specific grounds therefor.”); Davis v. City of Grapevine, 188 S.W.3d 748, 765
(Tex. App.—Fort Worth 2006, pet. denied) (concluding that affirmative defense
not raised in summary judgment motion cannot be considered on appeal).  Thus, because they were not raised in the
motion to dismiss, we cannot consider the affirmative defenses of res judicata
and joinder of compulsory counterclaim in reviewing the propriety of the order
dismissing with prejudice Henny’s third-party claims against Chase.  See Davis, 188 S.W.3d at 765.  As a result, Henny’s contention, albeit based
on different grounds, is correct that the trial court’s judgment cannot be
upheld based on these affirmative defenses. 
See id.  

Trial by Consent of Affirmative Defenses

          In its motion
for rehearing, Chase asserts that dismissal was proper because the affirmative
defenses of res judicata and compulsory joinder of a counter-claim
were tried by consent.  “Trial by consent
may be appropriate in some limited summary judgment contexts.”  PAS,
Inc. v. Engel, 350 S.W.3d 602, 610 (Tex. App.—Houston [14th Dist.] June 28,
2011, no pet.) (citing Roark v.
Stallworth Oil & Gas Inc., 813 S.W.2d 492, 495 (Tex. 1991); Marshall v. Toys–R–Us Nytex, Inc., 825
S.W.2d 193, 195 (Tex. App.—Houston
[14th Dist.] 1992, writ denied)).  Chase
contends “both parties briefed and argued [the affirmative defenses] in
pleadings filed after Chase’s initial Motion to Dismiss.”  See Via
Net v. TIG Ins. Co., 211 S.W.3d 310, 313 (Tex. 2006) (holding that when issue
is raised for first time in summary-judgment response, movant may “respond on
the merits and try the issue by consent”). 
We disagree with Chase’s contention.

In its rehearing motion, Chase
described its dismissal motion as follows: 

Chase filed its Motion to Dismiss, seeking to dismiss the
crossclaim Henny asserted against Chase because the crossclaim was not proper
under Texas Rule of Civil Procedure 38(a). 
Chase argued that the crossclaim was not “derivative of the plaintiff’s
claims against the responsible third party” because the “alleged conspiracy is
unrelated to the unpaid credit card charges asserted by the Plaintiff in this
lawsuit, which arose in 2007.”  

 

In support of its contention that
the affirmative defenses were tried by consent, Chase cites the following
language contained in Henny’s response to Chase’s motion for dismissal:

Henny has alleged in [her] Original Petition that Chase
conspired with other parties to misappropriate Henny’s funds.  This alleged cause of action fits [sic]
directly relates to the alleged liability of Henny in the suit between Henny
and AdvanceMe, Inc.  Therefore, a
third-party action is appropriate and required under Texas law in this
matter.  As a result, Chase’s Motion to
Dismiss must be denied on that basis.  

 

Chase also refers to the following
assertion it made in its reply to Henny’s response: 

As a second ground for dismissal, Henny’s attempt to join
Chase by third party practice is improper as Henny does not state an impleader,
i.e., an indemnity or contribution claim against Chase for the 2007 debt upon
which Plaintiff is suing Henny.  In fact,
Chase already holds a Final Summary Judgment against Henny, signed by the 55th
Judicial District Court of Harris County, Texas, on May 22, 2008 in Cause No.
2008-06676, for all amounts owing Chase by Henny . . . .  Henny did not raise this alleged claim or
offset against the indebtedness in the earlier action and cannot attempt to
raise these claims as an impleader, months after the Chase Final Judgment has
become final and non-appealable.  

 

In the passages cited by Chase, the
parties did not discuss the elements of the affirmative defenses or how they
relate to the facts of the case.  Rather,
the language identified by Chase to support its trial-by-consent theory, when
read in context, relates to Chase’s original assertion that the Henny’s claim
against it was improper under Rule 38(a). 
It is less than clear that the affirmative defenses were fully discussed
and tried by the parties as claimed by Chase. 
Henny’s response and Chase’s reply do not show trial by consent of the
affirmative defenses identified as the bases for the dismissal.  See
RE/MAX of Tex., Inc. v. Katar Corp., 961 S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.]
1997, pet. denied) (“[Trial by consent] is not intended to establish a general
rule of practice and should be applied with care, and in no event in a doubtful
situation.”).

In addition, Chase asserts that in
her motion for new trial, and at the hearing on that motion, Henny indicated
that the parties had addressed the theories of res judicata and compulsory
counterclaim before the trial court signed the dismissal order.  A review of the record, however, does not
support this assertion.  In her new trial
motion and at the corresponding hearing, Henny did not indicate that the
theories of res judicata and compulsory counterclaims had been addressed or
discussed before the trial court signed the dismissal order.  Instead, the record shows that Henny
acknowledged that the trial court’s order indicates that it had dismissed her
claims against Chase based on theories of res judicata and compulsory
counterclaim.  After acknowledging these
bases, Henny argued why dismissal on those grounds was not proper.  The motion for new trial proceeding does not
show that the parties had addressed or discussed the affirmative defenses
before the trial court signed the order. 
In sum, the record does not sufficiently show that the affirmative
defenses of res judicata and joinder of compulsory counterclaims were tried by
consent.[3]  See id.

We sustain Henny’s two issues to
the extent and for the reasons discussed supra.  

Dismissal with Prejudice for Non-Compliance with Rule 38(a)

Resolution of Henny’s issues,
however, does not end our inquiry regarding whether the trial court erred in
dismissing with prejudice Henny’s third-party claim against Chase.  We also consider Chase’s assertion that the
trial court’s judgment dismissing Henny’s third-party claim with prejudice is sustainable
because Henny’s claim does not comply with the requirements of Rule of Civil
Procedure 38(a).  Chase asserted that,
pursuant to Rule of Civil Procedure 38(a), the trial court correctly dismissed
Henny’s conspiracy claim because, procedurally, Chase was not properly joined
as a third-party defendant in the AdvanceMe suit.  See
Tex. R. Civ. P. 38(a) (providing
that defendant may bring third-party action to join party who may be liable to
the defendant or to the plaintiff for all or part of the plaintiff’s claims
against the defendant).  Chase made
this assertion in its motion to dismiss in the trial court and re-asserts it on
appeal.  

Even though the trial court’s order
expressly indicates that dismissal was based on res judicata and compulsory
joinder principles, we can, in the interest of judicial economy, uphold the
trial court’s ruling if it is otherwise supported by the record.  In short, we will uphold a correct result
reached by the trial court even if it was reached for the wrong reason.  See Hawthorne v. Guenther,
917 S.W.2d 924, 931 (Tex. App.—Beaumont 1996, writ denied); City of Corsicana v. Herod, 768 S.W.2d 805, 814 (Tex. App.—Waco
1989, no writ); see also Cincinnati Life
Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996) (holding that, when trial
court expressly states ground on which it granted summary judgment, court of
appeals must consider that ground and may consider other grounds trial court
did not rule on in interest of judicial economy).  Hence, we can determine whether a failure by
Henny to comply with Rule of Civil Procedure 38, which sets forth the
procedural requirements for third-party practice, is a proper basis to uphold the
trial court’s judgment dismissing Henny’s claim with prejudice. 

Dismissal with prejudice
constitutes adjudication on the merits and operates as if the case had been
fully tried and decided.  Mullins v. Estelle High Sec. Unit, 111
S.W.3d 268, 273 (Tex. App.—Texarkana 2003, no pet.) (citing Mossler v. Shields, 818 S.W.2d 752, 754
(Tex. 1991)).  An order dismissing a case
with prejudice has full res judicata and collateral estoppel effect, barring
subsequent relitigation of the same causes of action or issues between the same
parties.  See Barr v. Resolution Trust Corp., 837 S.W.2d 627, 630–31 (Tex. 1992).  Thus, the trial court’s dismissal with
prejudice of Henny’s claim against Chase operates as an adjudication on the
merits with full res judicata and collateral estoppel effects. 

Dismissal for failure to
comply with the procedural requirements of Rule 38(a) is not a dismissal on the
merits, but rather an exercise of the trial court’s discretion in a procedural
matter.  See Oistad v. Baker & Hostetler, L.L.P., No. 01-05-00493-CV, 2006
WL 488594, at *3 (Tex. App.—Houston [1st Dist.] Mar. 2, 2006, no pet.) (mem.
op.).  Stated differently, dismissal of a
claim on the ground that it is not a proper third-party claim is a
determination only that the merits of the claim could not be brought in the lawsuit
for procedural reasons; it is not a determination on the merits of the claim.  See Deep
Water Slender Wells, Ltd. v. Shell Int’l Exploration & Prod., Inc., 234
S.W.3d 679, 695 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (holding
that dismissal of claims to enforce clause requiring litigation in
another forum is determination that merits of claims should be determined
elsewhere; therefore, enforcement of forum-selection clause is nonmerits basis
for dismissal); Dick Poe Motors, Inc. v. DaimlerChrysler
Corp., 169 S.W.3d 478, 485 (Tex. App.—El Paso 2005, no pet.) (concluding
that dismissal for want of prosecution is not trial on the merits, and
therefore dismissal with prejudice is improper).  Thus, we conclude that the trial court’s
judgment dismissing Henny’s claim with prejudice cannot be upheld on the ground
that the claim is not a proper third-party claim in the AdvanceMe suit. [4]

Conclusion

          We reverse
the judgment of the trial court and remand the case for further proceedings.[5]

 

 

                                                                      Laura Carter
Higley

                                                                      Justice


 

Panel consists of Justices
Keyes, Higley, and Bland.











[1]
        In its motion for rehearing, Chase
contends that this Court cannot reverse the trial court’s judgment on the
ground that Chase used an improper procedural device to obtain dismissal
because Henny has not complained that an improper procedural device was used;
that is, Henny is not seeking reversal on that ground.  As a point of clarification, our focus is not
on whether Chase used an improper procedural device to obtain dismissal with
prejudice.  Rather, given the
incongruence between the motion to dismiss and the stated reasons given by the
trial court for dismissal, we are reviewing the record and the case authority
to determine what rules and standard of review we should apply to evaluate the
dismissal judgment.  See In re D.K.M., 242 S.W.3d 863, 865–66 (Tex. App.—Austin 2007, no
pet.) (reversing order dismissing case on basis of affirmative defense raised
in motion to dismiss rather than in motion for summary judgment, noting that it
was unclear what evidence trial court reviewed, what rules and principles were
applied by trial court, and what rules and standards should be applied on
appeal and remanding case for hearing consistent with rules of civil
procedure); Robinson v. Buckner Park, Inc.,
547 S.W.2d 60, 61 n.1 (Tex. App.—Dallas 1977, writ ref’d n.r.e.) (“Although
appellant does not raise on this appeal the propriety of the trial court’s ‘dismissal’
of this cause on appellee’s unsworn motion without hearing evidence and without
utilizing the summary judgment process, a plea of limitation is an affirmative
defense in that it goes to appellant’s right to recover and cannot, therefore,
be properly sustained at a preliminary hearing unless the summary judgment
process is used. . . .  Accordingly, we
treat the ‘dismissal with prejudice’ as a summary judgment that plaintiff take
nothing.”).  As discussed, we have
determined that the summary judgment standard is the correct one to apply here.

 





[2]
        Chase also asserted that Henny’s
claim should be dismissed because Henny had not complied with a deadline in the
docket control order.  However, this is
not of significance to the appeal.





[3]         In its motion for rehearing, Chase also
asserts that “the trial court properly dismissed [Henny’s] Cross-Claim against
Chase because Henny’s pleadings show on their face that the claim was
barred.”  We need not discuss this
argument because, as recognized by Chase in its motion for rehearing, it is
contingent on a determination that the affirmative defenses had been tried by
consent.  





[4]         In its motion for rehearing, Chase
points out that Henny never complained that dismissal with prejudice under Rule
38 was improper.  However, Henny was
required to challenge only those grounds identified in the trial court’s
dismissal order.  The trial court did not
identify Rule 38 as a basis for its dismissal with prejudice.  We addressed Chase’s Rule 38 argument, in the
interest of judicial economy, to determine only whether such ground could
uphold the trial court’s judgment, which it does not.  See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623,
625 (Tex. 1996).  Chase also
asserts, “Even if one assumes that the trial court relied on an improper
procedural vehicle to enter judgment, the trial court’s Dismissal Order cannot
be reversed because it did not result in an improper judgment.”  Chase cites Rule of Appellate Procedure
44.1(a)(1) to support this proposition. 
As discussed supra, we are not
reversing the trial court’s judgment because Chase used “an improper procedural
vehicle.”  Our reversal is premised on
(1) Chase’s failure to raise its affirmative defenses in the trial court before
the judgment was signed; (2) our determination that the record does not show
that Chase’s affirmative defenses were tried by consent; and (3) our
determination that the only ground raised by Chase in its dismissal motion
cannot support the judgment rendered; that is, it cannot support a dismissal
with prejudice.  

 





[5]         Chase is in no way prejudiced by this
opinion from raising its affirmative defenses or its Rule 38 assertions in the
trial court on remand.