**Reversed and Remanded and Memorandum Opinion filed October 30, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00785-CV

## IN THE INTEREST OF ZACHARY CARDIFF SISK, AN ADULT DISABLED CHILD

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2012-56772**

## M E M O R A N D U M   O P I N I O N

Zachary Cardiff Sisk is the disabled adult son of appellees Leslee Cardiff Sisk and Wallace T. Sisk. Zachary filed a petition for child support, which the trial court dismissed. We reverse and remand.

### BACKGROUND

Leslee Cardiff Sisk and Wallace T. Sisk were divorced on December 29, 2008, pursuant to a final decree of divorce signed by the 257th Judicial District Court of Harris County, Texas. At the time of the divorce, Zachary was 25 years old. The divorce decree states, "The Court finds that there is no child to the

marriage . . . now under eighteen years of age or otherwise entitled to support and that none is expected."

Zachary filed a petition for child support nearly four years later on September 27, 2012. *See* Tex. Fam. Code Ann. §§ 154.301-.309 (Vernon 2014). His petition asserts that he is disabled and unable to support himself. He requests that the court order his parents to pay for his support.

Zachary's parents filed separate answers to his petition. Each asserted that Zachary lacked standing to sue, along with affirmative defenses. The parents then filed a "joint motion to dismiss." Their motion stated, in its entirety:

> Now comes [*sic*] LESLEE CARDIFF SISK and WALLACE T. SISK requesting the Court to rule on their pleadings to dismiss the pending case as set forth in their verified pleadings including, but not limited to, statute of limitations, laches and estoppel.

The trial court held a hearing on the parents' motion and dismissed the case.

At the hearing, the parents argued their affirmative defenses and referenced evidence outside the record. The trial court asserted that it had no jurisdiction over the case because the court's plenary power to alter the divorce decree had expired 30 days after the decree was signed in 2008. The court concluded that it lacked jurisdiction because the divorce decree contained a finding that there was no child to the marriage entitled to support, and because the divorce decree could not be amended. The trial court issued findings of fact and conclusions of law. The trial court signed an order dismissing Zachary's suit on June 7, 2013, and Zachary timely appealed.

**ANALYSIS**

The trial court's findings of fact and conclusions of law identified two bases for dismissal: (1) lack of subject matter jurisdiction; and (2) the affirmative defense

of limitations.  We address each in turn.

## I.     The Trial Court Has Subject Matter Jurisdiction

We review the record in this case to determine whether the trial court lacked subject matter jurisdiction so as to require its dismissal.  *See Lacy v. Bassett*, 132 S.W.3d 119, 122 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("[Defendant's] motion to dismiss is the functional equivalent of a plea to the jurisdiction."). Subject matter jurisdiction is essential to the authority of a court to decide a case; it is never presumed and cannot be waived.  *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993).  A trial court must dismiss if it determines that it is without subject matter jurisdiction to act.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

The trial court dismissed the case after determining that it did not have plenary power to modify the divorce decree that dissolved the marriage of Zachary's parents.  Generally, a trial court may correct or revise a judgment only during the period of its plenary power, which exists within 30 days after the judgment is signed unless extended by motion.  *See* Tex. R. Civ. P. 329b; *Smalley v. Smalley*, 436 S.W.3d 801, 806 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.) (plenary power is limited to a maximum of one hundred and five days).  Once the trial court's plenary power ends, the court loses subject matter jurisdiction and has limited power to set the judgment aside.  *Smalley*, 436 S.W.3d at 806.[1]

We conclude that the trial court's dismissal of Zachary's case was error because this case is a separate proceeding from the divorce proceeding; therefore,

---

[1] A court may set the judgment aside after its plenary power ends through an equitable bill of review or if allowed by statute.  *See Smalley*, 436 S.W.3d at 806.  Zachary did not file a bill of review.

the trial court's plenary power in the divorce proceeding does not determine its jurisdiction over this case.[2]

## A. The Divorce Proceeding Did Not Bring Zachary under the Court's Jurisdiction

The marriage of Zachary's parents was dissolved on December 29, 2008, by an agreed final decree of divorce signed by the trial court in Cause No. 2008-40931; the matter was styled "In the Matter of the Marriage of Wallace Truett Sisk, Jr. and Leslee Janet Cardiff Sisk." In the matter currently being appealed, the trial court determined that Cause No. 2008-40931 included a suit affecting the parent-child relationship and was a final determination denying Zachary child support. The trial court considered Zachary's suit to be an untimely request to modify the divorce decree.

A "suit affecting the parent-child relationship" or SAPCR is defined by the Family Code to mean a suit filed pursuant to the code "in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is requested." Tex. Fam. Code Ann. § 101.032 (Vernon 2014). A SAPCR petition and all other documents filed in a SAPCR case must be styled "In the interest of _____, a child." *Id.* § 102.008(a) (Vernon 2014). The final order must contain the social security number and driver's license number of each party to the suit, including the child's social security number and driver's license number. *Id.* § 105.006(a)(1) (Vernon 2014).

---

[2] To the extent the trial court also based dismissal on an affirmative defense, such as limitations, dismissal was in error because an affirmative defense, even if established, could not deprive the court of subject matter jurisdiction. *See In re K.M.T.*, 415 S.W.3d 573, 575 (Tex. App.—Texarkana 2013, no pet.) (an affirmative defense does not affect a trial court's subject matter jurisdiction).

A petition for the dissolution of a marriage must include a SAPCR if the parties are parents of a child. *Id.* § 6.406(b) (Vernon 2006); *see also Diaz v. Diaz*, 126 S.W.3d 705, 707 (Tex. App.—Corpus Christi 2004, no pet.) ("A divorce case involving children of the marriage is actually two separate lawsuits."). "In the context of child support, 'child' includes a person over 18 years of age for whom a person may be obligated to pay child support." Tex. Fam. Code Ann. § 101.003 (Vernon 2014). A trial court obtains continuing, exclusive jurisdiction over a child in connection with a SAPCR once it renders a final order. *See* Tex. Fam. Code Ann. § 155.001 (Vernon 2014). The court of continuing, exclusive jurisdiction may exercise its jurisdiction to modify a child support order. Tex. Fam. Code. Ann. § 155.003 (Vernon 2014).

Nothing in the divorce decree indicates that Cause No. 2008-40931 included a SAPCR despite Zachary's contention that he is a child of the marriage entitled to support. The divorce proceeding is not styled "In the interest of Zachary Cardiff Sisk, a child." *See* Tex. Fam. Code Ann. § 102.008(a). The divorce decree does not contain Zachary's and his parents' social security numbers or driver's license numbers. *See id.* § 105.006(a)(1). Moreover, the divorce decree does not suggest that the court considered whether Zachary may be a child of the marriage entitled to support, and, if so, a required party to the divorce. *See* Tex. Fam. Code. Ann. § 6.406(b). The divorce decree states that it is "agreed." It is signed by Zachary's parents, not Zachary. The decree states, "The Court finds that there is no child to the marriage . . . now under eighteen years of age or otherwise entitled to support and that none is expected." This statement tracks language in the Family Code required for a divorce petition. *See id.* § 6.406(a) (Vernon 2006) ("The petition in a suit for dissolution of a marriage shall state whether there are children born or adopted of the marriage who are under 18 years of age or who are otherwise

5

entitled to support as provided by Chapter 154.").[3]

We conclude, after reviewing the divorce decree, that the divorce proceeding did not include a SAPCR and that the trial court did not consider whether Zachary may be a child of the marriage entitled to support. *Cf. Espiricueta v. Vargas*, 820 S.W.2d 17, 19 (Tex. App.—Austin 1991, writ denied) (recitations in a divorce decree that a child was born during the marriage does not establish paternity when the issue of paternity was not raised in the divorce pleadings and was not an issue in the divorce).

It follows that the trial court did not obtain continuing, exclusive jurisdiction over Zachary in Cause No. 2008-40931 because the suit was not a SAPCR, and because the court did not consider whether Zachary might be a child entitled to support. *See* Tex. Fam. Code Ann. §§ 101.032; 155.001; *cf. Dunker v. Dunker*, 659 S.W.2d 106, 108 (Tex. App.—Houston [14th Dist.] 1983, no writ) ("Once a child is brought under the court's jurisdiction, by suit and pleading cast in terms of custody and control, it becomes the duty of the court . . . to make proper disposition of all [SAPCR] matters.").

### B. Zachary Filed an Independent Lawsuit within the Trial Court's Jurisdiction

Zachary filed a freestanding lawsuit under section 154.305 of the Texas Family Code as an adult to initiate a suit for support; this provision allows him to do so regardless of age and as an independent cause "if no court has continuing,

---

[3] The supplemental clerk's record includes a copy of the original petition for divorce in Cause No. 2008-40931. The petition states, "There is no child under eighteen years of age or otherwise entitled to support who was born or adopted of this marriage, and none is expected." The clerk's record does not include all of the pleadings from Cause No. 2008-40931; therefore, we cannot determine if the petition was amended or its allegations were denied. Nevertheless, the petition shows that Cause No. 2008-40931 did not include a SAPCR when originally filed. *See* Tex. Fam. Code. Ann. § 6.406(a); *see also id.* § 102.008 (listing the SAPCR petition requirements).

6

exclusive jurisdiction of the child." Tex. Fam. Code. Ann. § 154.305 (Vernon 2014). The prior divorce proceeding in Cause No. 2008-40931 did not bring Zachary within the trial court's jurisdiction and did not establish continuing, exclusive jurisdiction over Zachary. Consequently, Zachary's suit is independent of Cause No. 2008-40931; it is not a suit to modify the divorce decree. *See* Tex. Fam. Code Ann. §§ 154.305; 155.003.

The trial court may exercise jurisdiction over Zachary's suit as a court of general jurisdiction. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) ("A Texas district court . . . is a court of general jurisdiction."). The trial court's plenary power in Cause No. 2008-40931 does not determine the court's jurisdiction to address Zachary's freestanding suit under section 154.305. *See* Tex. R. Civ. P. 329b. The affirmative defenses asserted by Zachary's parents also do not deprive the court of jurisdiction. *See In re K.M.T.*, 415 S.W.3d 573, 575 (Tex. App.—Texarkana 2013, no pet.). We conclude that the trial court has jurisdiction over Zachary's case. *See Dubai Petroleum Co.*, 12 S.W.3d at 75.

On this record, we conclude that the trial court's dismissal order was erroneous insofar as it was predicated on an asserted lack of subject matter jurisdiction.

## II. The Parents' Motion to Dismiss is Not Recognized by the Texas Rules of Civil Procedure or the Texas Family Code

Zachary's parents filed a "joint motion to dismiss." They did not identify the procedures or standards they were invoking. Their motion stated, in its entirety:

> Now comes [*sic*] LESLEE CARDIFF SISK and WALLACE T. SISK requesting the Court to rule on their pleadings to dismiss the pending case as set forth in their verified pleadings including, but not limited to, statute of limitations, laches and estoppel.

7

The Texas Rules of Civil Procedure do not provide for a defendant's motion to dismiss in cases brought under the Texas Family Code, except for want of prosecution or lack of jurisdiction. *See* Tex. R. Civ. P. 91a (motions to dismiss authorized "[e]xcept in a case brought under the Family Code"); *see also* Tex. R. Civ. P. 162 (plaintiff may dismiss); Tex. R. Civ. P. 165a (authorizing dismissal for want of prosecution); Tex. Family Code Ann. § 155.102 (Vernon 2014) (requiring dismissal if the court determines that another court has "continuing, exclusive jurisdiction" of the child that is the subject of the suit); *In re D.K.M.*, 242 S.W.3d 863, 865 (Tex. App.—Austin 2007, no pet.).[4]

The statute of limitations, laches, and estoppel are affirmative defenses. *See* Tex. R. Civ. P. 94; *In re D.K.M.*, 242 S.W.3d at 865. Affirmative defenses should be raised through a motion for summary judgment or at trial, not a motion to dismiss or a plea to the jurisdiction. *See In re D.K.M.*, 242 S.W.3d at 885-86 (reversing a trial court's order of dismissal based on limitations and remanding for proceedings in compliance with the Texas Rules of Civil Procedure); *In re K.M.T.*, 415 S.W.3d at 576 (affirming the trial court's dismissal of a paternity suit on limitations, but construing the trial court's "pretrial" jurisdictional hearing as an agreed separate trial on limitations); *Tex. Underground, Inc. v. Tex. Workforce Comm'n*, 335 S.W.3d 670, 676 (Tex. App.—Dallas 2011, no pet.) (reversing dismissal on limitations where the trial court did not follow summary judgment procedure); *see also Univ. of Hous. v. Elthon*, 9 S.W.3d 351, 356 (Tex. App.— Houston [14th Dist.] 1999, pet. dism'd w.o.j.) ("Affirmative defenses are pleas in

---

[4] A defendant also may file a motion to dismiss if the defendant first files special exceptions. *See In re D.K.M.*, 242 S.W.3d at 865 n.1; *Fort Bend Cnty. v. Wilson*, 825 S.W.2d 251, 253 Tex. App.—Houston [14th Dist.] 1992, no writ) ("Under the Texas Rules of Civil Procedure, a special exception is the appropriate vehicle for urging that the plaintiff has failed to plead a cause of action, and the pleader must be given, as a matter of right, an opportunity to amend the pleading."). Zachary's parents did not file special exceptions.

bar, and do not provide a justification for summary dismissal on the pleadings.").

We cannot determine the procedural basis Zachary's parents invoked to seek dismissal. The parents did not state the specific grounds for dismissal in their "motion to dismiss;" instead, they referenced their pleadings and the affirmative defenses of limitations, laches, and estoppel. Zachary's parents did not file affidavits or evidence with their motion. The trial court issued findings of fact and conclusions of law; this circumstance indicates that the parent's motion to dismiss was not a misnamed motion for summary judgment. *See Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) ("[F]indings of fact and conclusions of law have no place in a summary judgment proceeding."); *cf. Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 355 (Tex. App.—San Antonio 1999, pet. denied) (evaluating a trial court's dismissal of a case on a "motion to dismiss" as if the trial court granted summary judgment and affirming dismissal because the defendant satisfied the notice requirements and its burden of proof under Rule 166a).

To the extent the trial court considered the parents' "motion to dismiss" to determine anything other than its subject matter jurisdiction, it did so in error; the parents' motion was not recognized under the Texas Rules of Civil Procedure or the Texas Family Code. *See* Tex. R. Civ. P. 91a, 162, 165a; Tex. Family Code Ann. § 155.102.

## CONCLUSION

We reverse the trial court's order dismissing the case and remand the case for proceedings consistent with this opinion.


/s/     William J. Boyce
            Justice


Panel consists of Justices Boyce, Jamison, and Donovan.

9